CITY OF EAST ST. LOUIS

v.

EAST ST. LOUIS GASLIGHT & COKE CO.

VOIDABLE CONTRACT WITH CITY—DISAFFIRMANCE.—The contract of the gas company with the city to light the streets, etc., for thirty years being voidable (98 Ill. 415), and such contract having been disaffirmed by the city, the gas company can not recover for the gas furnished and services rendered after such disaffirmance.

ERROR to the Circuit Court of St. Clair county; the Hon. WM. H. SNYDER, Judge, presiding. Opinion filed June 12, 1886.

This action is brought to recover money claimed to be due under a contract to light the streets and supply the city with gas. The declaration, in a special count, alleges that said city, by an ordinance which took effect October 3, 1874, had authorized a contract to be made and entered into with the East St. Louis Gas Light and Coke Company to provide for lighting the streets with gas; that a contract of that date was made; that by the terms of the contract defendant in error was bound to extend its street main pipes within the present and future limits of the city, whenever and wherever said city should order lamps to be erected on connecting lines; to erect lamp-posts and lamps with necessary service pipe wherever ordered by said city, and label the lamps at street corners with names of intersecting streets; to furnish gas for all public lamps to be kept burning from one hour after sunset to one hour before sunrise; to light, extinguish, clean and keep in repair said lamps. And said city on its part contracted and agreed to require said company to furnish from and after the execution of the contract, and as soon as lamps could be erected, not less than two hundred lamps along the present street mains of the company; that said city would pay, in monthly installments on bills to be rendered by the company, the sum of $32.20 per lamp per year, the lamp-posts, lamps and service pipe to be

and remain the property of the company; and finally, the contract to continue for thirty years from the first day of October, 1874; that said contract was ratified by the city council on the 13th day of October, 1874, and ordered to be spread upon the minutes of the council; that after the making of said contract the city council, on the 10th of November, 1875, passed an ordinance ordering additional lamps to be erected under the direction of the chairman of the committee on ways and means, and on the 17th of December, 1875, another to the same effect; that plaintiff had complied with said contract, the provisions of said ordinance, and the directions of the chairman of said committee, and had erected lamp-posts and lamps to a large number, to wit, to the number of 303 lamps, and that there became due under said contract for the months of September, October and November, 1878, the sum of $2,658.83, for which the company had rendered monthly bills.

Common counts and general breach.

The defendant city filed several pleas, the 6th being in substance as follows : That before said indebtedness or any part thereof accrued, to wit, on the 15th day of May, 1877, said city was, and from thence hitherto had been, indebted to an amount in excess of five per cent. of the assessed value of the taxable property within the city, as equalized and assessed by the State Board of Equalization for the years 1876, 1877 and 1878; that on said 15th day of May, 1877, said city notified the plaintiff in writing that it in no manner recognized any liability to the plaintiff arising out of said contract, and that it would not recognize or pay any claim or bill aforesaid whatever, for lighting any of the streets of said city with gas after the date aforesaid, unless such claim or bill should be contracted in pursuance of some agreement on the part of said city, to be thereafter made; therefore, that since the date aforesaid no agreement whatever had been made or entered into on the part of said city to light the streets of the city with gas, nor to pay for the same. Plaintiff demurred to the 2d, 3d, 4th, 5th and 6th special pleas, and the demurrer was sustained by the court, and the defendant electing to stand by the pleas,

judgment was entered thereon for the plaintiff. The case was then tried by the court, by consent of parties, upon the general issue. Finding for plaintiff and judgment for two thousand six hundred and fifty-eight dollars and eighty-three cents. A motion for a new trial by the defendant was overruled and the record is brought here by writ of error.

Mr. B. H. CANBY, for plaintiff in error; as to the power of a municipal corporation by contract or other act to abrogate or abridge its own legislative or discretionary powers, cited Cooley on Const. Lim. 206; 1 Dillon on Municipal Corporations, § 97; N. Y. v. Mayor, etc., 3 Duer, 131; Gale v. Kalamazoo, 23 Mich. 344; Presbyterian Church v. Mayor, 5 Cow. 538; Davis v. Mayor, 14 N. Y. 506; Mihau v. Sharp, 17 Barb. 435; East Hartford v. Hartford Bridge Co., 10 How. 535; State v. Cincinnati G. L. Co., 18 Ohio, 262; Reynolds v. Shreveport, 13 La. Ann. 426; Davis v. School Directors, 92 Ill. 293; Stevenson v. School Directors, 87 Ill. 255.

Mr. WM. C. KUEFFNER, for defendant in error; cited City of East St. Louis v. St. Louis G. & C. Co., 98 Ill. 425; Cincinnati v. Cameron, 33 Ohio St. 336; T. H. v. Lake, 43 Ind. 480; Davenport Gas Co. v. Davenport, 13 Ia. 232; State v. Health, 20 La. An. 1721; Hewitt v. Town of Alton, 7 N. H. 257; West Saving So. v. Phila., 31 Pa. St. 175; Grant v. Davenport, 36 Ia. 396.

PILLSBURY, P. J. The alleged contract set out in the declaration requiring the city to receive and pay for gas for lighting the streets at a stated price for the period of thirty years, was before the Supreme Court in a suit between these same parties (98 Ill. 415), brought to recover for gas furnished by defendant in error to the city and received and used by it without objection; and while the principal opinion does not in terms hold the contract void as being beyond the powers conferred upon the city in this respect, and making the city liable upon the ground of estoppel for the gas received and used, there is a clear intimation that the contract is valid only

so far as it has been executed, and that the city can at any time refuse further to take gas under it or be bound by its terms by notice to that effect to the Gas and Coke Company.

The separate concurring opinion of Mr. Justice Walker discusses the question of the validity of the contract, and its reasoning seems to be conclusive that as an executory contract it is null and void.   The sixth plea admitted by the demurrer to be true, avers that before any of the gas was furnished for which this suit is brought, the city notified the plaintiff in error in writing, that it in no manner recognized any liability arising out of said contract, and that it would not recognize or pay any claim or bill whatever for lighting any of the streets of said city after that date, unless some other agreement was made therefor, which was never entered into for the furnishing of gas thereafter.   The questions of the validity of the contract, and the right of the city at any time to refuse longer to be bound by its terms, is thus distinctly raised by the said plea, and it being substantially conceded in the opinion of the court in the cited case, that the city could at "any time avoid the contract," and the separate opinion of Mr. Justice Walker being such an able exposition of the law regarding the power of the city to enter into such contract, and for reasons that seem to be unanswerable and so much better expressed than it is possible for us to do, concluding that the contract was void, we have no hesitation in saying that the sixth plea presented a good defense to this action and the city was not liable under the contract for gas after avoidance of the contract by notice as therein stated.

The contract, then, being voidable, and disaffirmed by the city, no liability is shown and the judgment will be reversed.

Judgment reversed.