# THE CITY OF EAST ST. LOUIS, FOR USE, ETC.,

## v.

# ALEXANDER FLANNIGEN ET AL.

*Municipal Corporations—Indebtedness—Contract for Lighting Streets —Levy—Appropriation—Warrants—Action on Treasurer's Bond.*

1. Where there is an agreement to furnish gas for street lights, payment to be made monthly as the gas is furnished, no present liability is created, and warrants drawn for gas furnished after the tax levy, against a fund appropriated for the purpose, are valid.

2. Warrants showing on their face that they are payable " *only* from the appropriation of the taxes     *     *     *     appropriated and levied for the street light fund, *when collected,*" are a sufficient compliance with the statute requiring them to show upon their face that they are payable " solely from said taxes when collected, and not otherwise."

[Opinion filed June 13, 1890.]

IN ERROR to the Circuit Court of St. Clair County; the Hon. WM. H. SNYDER, Judge, presiding.

This suit was brought in the name of plaintiff in error, for the use of Griswold, against Flannigen and his sureties upon his bond as treasurer of said city. Defendants demurred generally to plaintiff's second amended declaration; the demurrer was sustained, and plaintiff electing to abide by its declaration as so amended, final judgment for defendants was entered, to reverse which this writ of error was sued out.

The second amended declaration, after averring that Flannigen was city treasurer of said city and the execution and acknowledgment of his official bond by himself and by his co-defendants as sureties, sets out the bond and acknowledgment *in hæc verba;* avers the filing and approval of the bond and that Flannigen qualified and took upon himself the duties of treasurer, etc., and then it is further averred, substantially, as follows:

And the plaintiff in fact says, that the said Alexander Flannigen has not faithfully discharged all the duties required of him by law as such treasurer, but has neglected and refused so to do, to the injury of the plaintiff, for the use aforesaid. And for assigning a breach of the condition of the said writing obligatory, the plaintiff says, that after the appointment and qualification of said Flannigen as such treasurer, and after the making of said writing obligatory, and while said Flannigen was such treasurer, the fiscal year of the said city of East St. Louis for the fiscal year 1886 commenced on the 1st day of July, 1886 and that on the 31st day of August, 1886, during the first quarter of the said fiscal year, the said city council of said city duly passed its annual appropriation ordinance for said fiscal year of said city, and thereby appropriated for the municipal expenses of said city for said fiscal year, in the aggregate, the sum of $113,056, of which amount the sum of $7,500 was specially appropriated for lighting the streets of said city, which ordinance was duly approved by the mayor of said city on the 1st day of September, 1886, and was thereupon, on the 1st day of September, 1886, within one month from its said passage, duly published as required by law, in the East St. Louis Signal, a newspaper then published in said city; and that, on the 14th day of September, 1886, being

before the third Tuesday of the month of September, of said year, the city council of said city, having ascertained the total amount of appropriations for all corporate purposes legally made and to be collected from the tax levy for that fiscal year, duly passed an ordinance whereby it levied and assessed upon all the property subject to taxation within said city, as assessed and equalized for State and county purposes for the year 1886, a tax amounting, in the aggregate, to the sum of $64,129, of which amount the sum of $7,500 was specially appropriated and set aside for lighting the streets of said city, which said ordinance was, on the 15th day of September, 1886, duly approved by the mayor of said city, and thereupon, on the 16th day of September, 1886, duly published according to law, within a month of its passage, in the East St. Louis Signal, a newspaper then published in said city of East St. Louis, and that thereupon a duly certified copy of said last ordinance was duly filed with the county clerk of the county of St. Clair, in which county said city of East St. Louis is situated, and said tax levy was thereupon duly extended according to law, upon the books of the collector of State and county taxes within said city. Plaintiff further avers that at the beginning of the fiscal year, 1886, of said city, said city was, and ever since has been, indebted beyond the constitutional limit fixed and determined by section 12, article 9, of the present Constitution of this State, it being indebted to an amount exceeding five per cent on the value of the taxable property of said city, as ascertained by the last preceding assessment for State and county taxes, and that said city was then and ever since has been, incapable, under the provisions of the present Constitution of this State, of contracting any further indebtedness.

And that said city then and there by its council engaged said W. D. Griswold and contracted with him to light the streets of said city during the fiscal year 1886 at a certain price per month, it was then and there agreed upon that the lighting of said street was an ordinary and necessary expense of said city and that said city ever since the beginning of its said fiscal year had no money in its treasury to defray its ordinary

and necessary expenses, and that said city then and there promised said Griswold to issue to him in payment for his services in lighting said streets its warrants to be drawn against and in anticipation of said taxes, so appropriated and levied for lighting the streets of said city for the fiscal year 1886, as aforesaid, and that said Griswold, after said city had by its city council made its said tax levy in pursuance of said contract, did light the streets of said city during the month of October 1886, and after the end of said month rendered this bill for said lighting to said city at the stipulated price agreed upon, said bill amounting to the sum of five hundred and nine 85-100 dollars, which bill was allowed and approved by the proper authorities of said city, and that thereupon said city, having provided that warrants might be drawn against said taxes so levied as aforesaid, and in anticipation of the collection thereof, by its proper authorities and order of its city council, and after the levy of said taxes as aforesaid, issued to the said Griswold its certain tax warrant for the amount so allowed him as aforesaid, and in payment of said bill for said month of October, which warrant was duly signed by the mayor and countersigned by the city clerk of said city, and sealed with the seal of said city, and was specially drawn against said taxes, so specially levied and appropriated for lighting said streets during said fiscal year, and which warrant was in words and figures as follows, to wit:

"No. 1368.          City Tax Warrant.                    $509.85

EAST ST. LOUIS, ILL., March 14, 1887.

Treasurer of the City of East St. Louis:

From the taxes of the year 1886, appropriated and levied for the street light fund, when collected by you, pay W. D. Griswold or bearer, the sum of five hundred and nine eighty-five one hundredths dollars, being in full discharge for lighting streets, October, 1886, and payable out of said appropriation only.   The taxes to be collected for this fund are specially set apart and pledged to the payment of this warrant which is also receivable for such taxes.

MAURICE JOYCE, Mayor.

Countersigned:

T. A. CANTY, City Clerk.       [SEAL]"

That said warrant was drawn for an ordinary and necessary expense of said city and against said tax specially levied and appropriated for lighting the streets of said city as aforesaid, and amounted, together with other warrants that had been drawn against said fund, to less than seventy-five per cent of the total amount so levied as aforesaid for lighting said streets. And that there was also then and there, at the beginning of said fiscal year and from thence hitherto, an ordinance of said city duly passed and in full force, which provides that all warrants of said city drawn on its treasurer shall be drawn against one particular fund or appropriation only, and shall be paid by city treasurer on presentation, if there be any money in the treasury belonging to such fund, and which ordinance also made it the duty of the city treasurer of said city to keep a separate account of such fund or appropriation, and the debts and credits belonging thereto, and whenever he received any money collected by the county collector, or upon any general tax levy of said city, to credit each fund with an amount bearing the same proportion to the total amount received, that the whole appropriation applicable to that fund bears to the whole tax levy of that year, and which ordinance further made it the duty of said treasurer to pay out the money of said city coming into his hands as treasurer as aforesaid on warrants drawn on him by order of the city council of said city as aforesaid, when signed by the mayor and sealed with the city seal, and countersigned by the city clerk.

The plaintiff further avers that the said warrant constituted an equitable assignment of five hundred and nine 85-100 dollars of the *pro rata* part of the taxes that might be collected for said city under said tax levy, and specially appropriated for lighting the streets of said city; and that the said Griswold still is, and always has been, the holder of said warrant, of all of which the said Flannigen, treasurer as aforesaid, then and there had notice. And that since the issuing of said warrant as aforesaid, there has come to the hands of said Flannigen, as treasurer as aforesaid of said city, a large sum of money, to wit, the sum of $18,637, collected by the proper offi-

City of East St. Louis v. Flannigen.

cer, of the said general tax levy of said city for the fiscal year 1886, so levied and appropriated as aforesaid for said fiscal year; and that the *pro rata* share thereof, specially appropriated for, and set aside to and for lighting the streets of said city during the said fiscal year is, to wit, $2,179, and that it then and there was the duty of said Flannigen, as treasurer aforesaid, to set aside said *pro rata* part of, to wit, the sum of $2,179, and to pay out the same on warrants drawn, or to be drawn, against the said appropriation for lighting the streets of said city, by order of said city council, when signed by the mayor and countersigned by the city clerk, and sealed with the seal of said city.

And that said Griswold gave notice to said Flannigen, while he was such treasurer, and before said money came to the hands of said Flannigen as aforesaid, that he, the said Griswold, would be entitled to said money to be collected for said fund appropriated for lighting said streets, under his said contract with said city, and presented to him his said warrant, drawn against said appropriation as aforesaid; and that said Griswold, after said money came to the hands of said Flannigen and while the latter was still such treasurer, again presented said warrants to said Flannigen as such treasurer, and demanded payment thereof. And although the said Flannigen, as such treasurer, then and there had, and ought to have had in his hands, as the proceeds of said tax levy for said year 1886, a sufficient sum of money belonging to said appropriation for lighting said streets to pay said warrant in full, and although it was his duty to pay said warrant on presentation, yet the said Flannigen failed and neglected and refused, and still fails and neglects and refuses, to pay said warrant, or any part thereof, and has wilfully misapplied said money for other purposes, and has converted the same to his own use.

The assignment of the second breach counts in all respects on the same state of facts, and averments are the same, except the amount of bill and the name of the month, as the first, and except that the demand is for street lighting for the month of November, 1886, and is so stated in the warrant, and the warrant is as follows:

"No. 1369.          City Tax Warrant.          $554.15.
          EAST ST. LOUIS, ILL., March 14, 1887.
Treasurer of the city of East St. Louis:

From the taxes of the year 1886, appropriated and levied for the street light fund, when collected by you, pay W. D. Griswold, or bearer, the sum of five hundred and fifty-four 15-100 dollars, being in full discharge for lighting streets, November, 1886, and payable out of said appropriation only. The taxes to be collected for this fund are especially set apart and pledged to the payment of this warrant which is also receivable for such taxes.

Countersigned:              MAURICE JOYCE, Mayor.
          T. A. CANTY, City Clerk.     [SEAL.]"

And the plaintiff alleges that by means of the premises an action has accrued to the plaintiff to demand of the defendants for the use aforesaid, the sum of $100,000 above demanded. Yet the defendants, though requested, have not paid to the plaintiff, for the use aforesaid, that sum of money, or any part thereof, but refuse so to do, to the damage of the plaintiff, for the use aforesaid, of $3,000, etc.

Mr. W. C. KUEFFNER, for plaintiff in error.

Messrs. A. S. WILDERMAN and J. M. HAMILL, for defendants in error.

GREEN, J. This case was before us at the August term, 1887, and will be found reported in 26 App. Ct. Rep. 449. We reversed the judgment of the Circuit Court, for error in sustaining a general demurrer to the whole declaration, two counts of which, in our judgment, stated good causes of action. The case was remanded, and when it was redocketed in the Circuit Court the plaintiff took a non-suit as to the three assignments of breaches, counting on the warrants issued for street lighting furnished before the tax levy was made, held by this court to be obnoxious to the general demurrer, and filed the declaration now under consideration, in which breaches are assigned for the non-payment of the two war-

rants only issued for street lighting for the months of October and November, 1886. These two breaches assigned are the same in substance, taken with the other averments in the declaration, which this court held sufficiently stated good causes of action. No reason is now perceived for changing our ruling and decision in that regard. All the material objections urged against the sufficiency of the declaration now before us, were quite as applicable to the declaration already examined and passed upon by this court, and are fully considered and discussed in the opinion published in the report of the case above cited. We adhere to the views expressed in that opinion and deem it unnecessary to again go over the same ground, or repeat all that is there said. Our attention is invited, however, to Prince v. City of Quincy, 21, N. E. Rep. 768, and counsel for defendants in error insist it is a case in the decision of which the Supreme Court defeats plaintiff's grounds for recovery set up in this declaration, and in effect overrules the decision of this court at said August term, 1887, holding said two counts of the declaration good. We have examined the case relied on, and the opinion of Pleasants, J., quoted and approved in the opinion of the court, but do not understand the facts in that case to be substantially the same as the facts alleged in the declaration in this case. The contract with Prince created by the ordinance, was that the city *shall pay* said Prince in monthly installments from the time water is turned on, etc., and in the opinion it is said :

"Thus the contract was not to provide for payment, but to pay, not out of a particular fund, but absolutely, and the obligation for the delivery of the money was not cast upon its officers, but assumed by the corporation." We are considering a declaration in which it is averred that the two warrants, for the non-payment of which by the city treasurer, breaches are assigned, were delivered to, and accepted by, Griswold, in full satisfaction for services rendered and material furnished by him for street lighting. These warrants, by their very terms, were payable only out of a specific fund, which had then been appropriated to the payment thereof, and the tax

levy had been made to raise that fund. The money collected
for that purpose under and by virtue of the tax levy, suffi-
cient to pay said tax warrants, it is averred, was in the hands
of the treasurer, and it became his duty to pay them when
presented for payment. The city gave these warrants and
Griswold accepted them in exchange for services rendered
and material furnished for street lighting for October and
November, 1886, and for such services and material furnished,
no debt against the city, contingent or otherwise, was created
or existed. In the former opinion it was said that warrants
drawn upon the treasury in payment of gas furnished prior
to the actual levy of the tax, were illegal and void. Those,
however, issued in payment for gas furnished after the tax
levy, rest upon a different basis. It was held in East St. Louis
v. E. St. L. G. L. & C. Co., 98 Ill. 415, that the city had general
power to enter into contracts for furnishing of gas for city
purposes, and such contracts were within the scope of its
authority, and, having such general power over the subject-
matter of the contracts, the courts should not destroy the
contracts made by the party further than some good reason
requires. If the contract with Griswold had been made after
the passage of the general appropriation bill, wherein the
fund for lighting streets was set aside and specified, and the
tax levy had been actually made, it will be conceded such
contract would be free from all legal objection, and not in
violation of the constitution, as construed by the Supreme
Court in City of Springfield v. Edwards, 84 Ill. 626, and Law
v. People, 87 Ill. 385.

The city would then have something to exchange for the
gas furnished. Having, then, the general power over the sub-
ject in question, there seems to be no good reason for hold-
ing that if, after such tax levy was actually made, Griswold
furnished gas which was used and accepted by the city, it
might not pay for it by warrants drawn against this particu-
lar fund, and in determining the amount to be paid therefor
adopt the contract price. This view is supported by East St.
Louis v. E. St. L. G. L. & C. Co., *supra*, where substantially the
same question was raised and decided in favor of the company.

In this connection we will add that a writ of error was sued out of the Supreme Court by defendants in error here, and our former decision in this cause was taken up for review. While it is true that court held our judgment was not such as by the statute could be taken upon error or appeal, and for that reason dismissed the writ, yet the record was before that court, and if the Prince case was understood and intended to have the effect insisted upon by counsel for defendants in error in deciding the questions here presented, it seems to us some intimation would have been given in the opinion to the effect that the decision in that case determined the vital questions involved here and thereby have induced the abandonment by plaintiff in error of the further fruitless litigation of the subject-matter in controversy in this suit.

Some other questions are raised on behalf of defendant in error which were not presented before, and we will now dispose of them. It is urged the warrants described in the declaration are not drawn to conform to this provision of the statute authorizing their issue. " Provided, that warants drawn and issued under the provisions of this section shall show upon their face that they are payable solely from said taxes when collected and not otherwise." The warrants in question upon their face are payable *only* from the appropriation of the taxes of the year 1886, appropriated and levied for the street light fund, *when collected.* This is a sufficient compliance with the spirit and letter of the said provision.

It is also claimed that warrants such as these are invalid, unless provision be made for them *after* the making of the tax levy against which they are drawn. The declaration avers and the demurrer admits that the tax levy against which warrants were drawn had been made when the services were rendered for which said warrants were issued and taken as payment, and as before held, they were then properly and lawfully issued and paid over for that purpose. The warrants were also signed by the mayor, and countersigned by the city clerk. The only other question we shall notice is as to the jurisdiction of this court. It is claimed the construc-

tion of the constitution, and the validity of the act of May 31, 1879, under which the authority to issue the warrants is given, are involved, hence the writ of error should have been sued out from the Supreme Court. The construction of Sec. 12 of Article 9 of our State Constitution, and the validity of the act in question, are no longer open questions which may be raised or involved in this case, but have been settled in City of Springfield v. Edwards, 84 Ill. 626, and Law v. People, 87 Ill. 385, as we understood the decisions in those cases.

We think the Circuit Court erred in sustaining the demurrer and for that error reverse its judgment and remand its cause.

*Reversed and remanded.*