ISAAC NORTON

V.

THE CITY OF EAST ST. LOUIS.

*Municipal    Corporations—Indebtedness—Constitutional    Limitation— Health Officer—Evidence.*

1.  The salary of a health officer appointed by a city is an indebtedness within the inhibition of Sec. 12, Art. 9 of the Constitution, prohibiting a city from becoming indebted beyond the constitutional limit.

2.  A statement of a city's indebtedness, duly certified to by the city clerk, is competent original evidence of such indebtedness.

3.  A record may be proven by a statement thereof sworn to as an examined copy.

4.  In an action for salary due from a city for services, it is *held:* That the evidence shows that at the time the services were rendered, the city was indebted beyond the constitutional limit, and that it is not therefore liable.

[Opinion filed October 8, 1890.]

IN ERROR to the Circuit Court of St. Clair County; the Hon. JOHN B. HAY, Judge, presiding.

Messrs. KOERNER & HORNER, for plaintiff in error.

Mr. F. G. COCKRELL, for defendant in error.

REEVES, J.  Plaintiff in error was employed by the city council of the city of East St. Louis to act as health officer of the city and performed the duties of the office from the 26th day of December, 1881, to March 20, 1884, at a salary of $60 a month.  He was paid for his services from December 26, 1881, to March 1, 1883, and he brought this suit to recover for the balance of the time he performed the duties of his office.  The declaration contained the common counts and the plea was the general issue with a stipulation that, under the general issue, the defendant might introduce all legal evidence.  The service of plaintiff in error for the

defendant was not disputed nor the price to be paid therefor, but the defense interposed was, that at the time the contract between plaintiff in error and the city was entered into and during all the time the services were rendered, to recover for which the suit was brought, the city was indebted beyond the constitutional limit. The cause was heard by the court without a jury and judgment rendered against the plaintiff for costs. The plaintiff asked the trial court to hold that the obligation incurred by the city of East St. Louis to pay the said Isaac Norton a salary as health officer, is not an indebtedness which is inhibited by Section 12, Article 9, Constitution of Illinois, which the court refused to do. This refusal is assigned as error. The proposition in the terms stated, in the light of the evidence in the case, was properly refused. The constitutional inhibition is not limited to bonded indebtedness of the municipality but applies to all indebtedness. It is true that a city may provide for its current expenses in a way that will not make the city liable in the sense in which the word indebtedness is used in this clause of the Constitution, for which there is explicit warrant in the statute. Starr & Curtis, 2460; City of East St. Louis v. Flannigan, 26 Ill. App. 449; City of Springfield v. Edwards, 84 Ill. 626.

It is insisted that the trial court erred in admitting certain evidence offered by the defendant to show that it was indebted beyond the constitutional limit when the liability to plaintiff in error accrued. James W. Kirk was introduced as a witness on the part of the defendant, and testified that he was auditor of the city from 1872 to 1876, and assistant city clerk in 1876 and 1877; that he was able to state what was the bonded indebtedness of the city in March, 1877; that at that time he compiled, for the city council, a paper showing in detail the indebtedness of the city, and which was published, by authority of the city council, in the East St. Louis Gazette, the official organ of the city. That he had examined a copy of the paper so prepared by him and published by the city recently, and verified it, and from such examination and verification he was able to say that it was a true and correct copy. That since May, 1887, to the time of

the trial, he had acted as auditor and comptroller of the city; that in 1888 the city issued new bonds and took up those outstanding, and, in so doing, he used and verified the compilation above referred to; that there was a bond register in 1877, but it was not now in the possession of the city, and had not been for several years. The defendant, having offered in evidence a certified copy of the assessed valuation of the property in the city as made out by the county clerk of St. Clair county, from 1876 to 1886, inclusive, the witness Kirk was asked this question: " Now, I will get you to examine this certified copy of the assessed valuation, as made out by the county clerk, and in connection therewith, you may state what the indebtedness of the city was in 1880." To this question an objection was interposed by plaintiff, and overruled by the court, and the witness was permitted to state the indebtedness of the city for 1880, and over a like objection to state the indebtedness of subsequent years. The official publication of the city's indebtedness in March, 1877, was also admitted in evidence over the objection of plaintiff.

In this action of the trial court it is insisted there is error. The statement of the debt of the city as it existed in March, 1877, was duly certified to by the city clerk, and was original evidence. City of East St. Louis v. Freels, 17 Ill. App. 339. Again, it was sworn to as an examined copy, and it is well settled that a record may be proven in that way. 1 Greenleaf, 508. The original bond register was not in the possession of the city, and had not been for several years. This official publication of the indebtedness of the city, made in 1877, showed that the debt then was $273,294.49. It is also shown that very little was paid either of principal or interest on this indebtedness, and the debts of the city increased from year to year, until in 1888 it reached a sum over $800,000. It is abundantly shown that from December 26, 1881, to March 20, 1884, while plaintiff in error was in the employ of the city, it was indebted largely in excess of five per centum upon the assessed valuation of its property. The city having shown that it was indebted in March, 1877, in the sum of $273,294.49, and that this debt did not diminish, but constantly

increased, this, independent of the testimony as to the amount of the city's indebtedness for 1880 and subsequent years, by Kirk, was sufficient, taken in connection with the county clerk's certificate of the assessed valuation of the city, to show that from 1877 forward, the city was indebted beyond the constitutional limit.    The fact that plaintiff in error has a just claim for his services, does not warrant us in overriding the defense interposed and, as we think, established.

*Judgment affirmed.*