East St. Louis Gas Light and Coke Company, for use of William D. Griswold,

v.

The City of East St. Louis.

*Municipal Corporations—Constitutional Limitation on Power to Incur Indebtedness—Evidence—Instructions.*

1. In an action against a city upon certain certificates of indebtedness issued by the defendant to a gas company in settlement for gas used by the city, where the defense was that the debt was incurred contrary to the constitutional provision forbidding municipalities to incur debts in excess of five per cent of the value of the taxable property within the limits of the municipality, this court holds that the debt sued on was incurred at the time when the gas was used, and that the indebtedness of the city at the time the contract between the city and the company was made, was immaterial.

2. Although two of the certificates sued on did not specifically state when the indebtedness represented by them was incurred, yet the court holds that that time is made sufficiently certain by a consideration of the certificates in question in connection with other evidence in the case.

3. The evidence offered to prove the amount of the indebtedness of the city, *held* to have been properly admitted on the authority of Norton v. East St. Louis, 36 Ill. App. 172.

4. A certificate of the city clerk introduced to show the amount of the taxable property within the city at the time in question, *held* to have been in the usual form and sufficient in substance for the purpose.

5. The omission to state in the certificate that the clerk was the legal keeper of the records was immaterial, as the statute, of which the court takes judicial notice, makes him such.

[Opinion filed December 7, 1892.]

In error to the Circuit Court of St. Clair County; the Hon. Benjamin R. Burroughs, Judge, presiding.

This action in assumpsit was brought May 31, 1887, by appellant for the use of Griswold to recover a judgment against appellee upon seven instruments, described in the declaration as follows:

Certificate No. 301.                    For Voucher No. 38.
                    Office of the City Clerk, 7 July, 1877.
CITY OF EAST ST. LOUIS, ILLINOIS:

This certifies that since December 1, 1876, there is due from the city of East St. Louis, Illinois, to the East St. Louis Gas Light & Coke Company, or order, the sum of eighteen hundred and seventy-six and 36-100 dollars, for gas furnished to street lamps during November, 1876, under contract of October 3, 1874. Payable out of the special appropriation for public lamps of the general tax levy for A. D. 1876, certified to the county clerk on the 8th of August, A. D. 1876, under ordinance No. 303, approved and in force on that day according to law, with interest at the rate of six per cent when due until 1st June, A. D. 1877, or until sooner paid.

Provided: That this certificate for principal sum and accrued interest shall at any time be receivable for any license, rent, fine or penalty due the city. Amount of special appropriation from which this is payable, $10,666. Total of such certificates, including this, with interest estimated to 1st June, 1877, now issued, $4,687.62.

                    THE CITY OF EAST ST. LOUIS,
                        By John Bowman, Mayor.
    Maurice F. Tissier, Acting City Clerk.

Certificate No. 302.                    For Voucher No. 39.
                    Office of the City Clerk, 7 July, 1877.
CITY OF EAST ST. LOUIS, ILLINOIS:

This certifies that since January 1, 1877, there is due from the city of East St. Louis, Illinois, to the East St. Louis Gas Light and Coke Company, or order, the sum of nine hundred and 76-100 dollars, for gas furnished to street lamps during December, 1876, under contract of 3 October, 1874. Payable out of the special appropriation for public lamps of the general tax levy for A. D. 1876, certified to the county

clerk on the 8th of August, A. D. 1876, under ordinance No. 303, approved and in force on that day, according to law, with interest at the rate of six per cent when due until 1st June, A. D. 1877, or until sooner paid.

Provided: That this certificate, for principal sum and accrued interest, shall at any time be receivable for any license, rent, fine or penalty due the city.

Amount of special appropriation from which this is payable, $10,666. Total of such certificates, including this, with interest estimated to 1st June, 1877, now issued, $5,536.

The City of East St. Louis,

By John B. Bowman, Mayor.

Maurice F. Tissier, Acting City Clerk.

Certificate No. 303.            For Voucher No. 40.

Office of the City Clerk, 7 July, 1877.

City of East St. Louis, Illinois:

This certifies that since February 1st, 1877, there is due from the city of East St. Louis, Illinois, to the East St. Louis Gas Light and Coke Company, or order, the sum of nine hundred and five 76–100 dollars, for gas furnished to street lamps during January, 1877, under contract of 3rd October, 1874. Payable out of the special appropriation for public lamps of the general tax levy for A. D. 1876, certified to the county clerk on the 8th of August, A. D. 1876, under ordinance No. 303, approved and in force on that day according to law, with interest at six per cent when due until 1st June, A. D. 1877, or until sooner paid. Provided: That this certificate for principal sum and accrued interest, shall at any time be receivable for any license, rent, fine or penalty due the city. Amount of special appropriation from which this is payable, $10,666. Total of such certificates, including this, with interest estimated to 1st June, 1877, now issued, $6,459.88.

The City of East St. Louis,

By John B. Bowman, Mayor.

Maurice F. Tissier, Acting City Clerk.

Certificate No. 304.                     For Voucher No. 41.
                Office of the City Clerk, 7 July 1877.
CITY OF EAST ST. LOUIS, ILLINOIS:

This certifies that since March 1st, 1877, there is due from the city of East St. Louis, Illinois, to the East St. Louis Gas Light and Coke Company, or order, the sum of eight hundred and eighteen 10-100′dollars, for gas furnished to street lamps during February, 1877, under contract of 3 October, 1874. Payable out of special appropriation for public lamps of the general tax. levy for A. D. 1876, certified to the county clerk on the 8th of August, A. D. 1876, under ordinance No. 303, approved and in force on that day, according to law, with interest at six per cent when due until 1st June, A. D. 1877, or until sooner paid. Provided: That this certificate, for principal sum and accrued interest, shall at any time be receivable for any license, rent, fine or penalty due the city. Amount of special appropriation from which this is payable, $10,666. Total of such certificates, including this, with interest estimated to 1st June, 1877, now issued, $7,390.25.

                              THE CITY OF EAST ST. LOUIS,
                                   By John B. Bowman, Mayor.
        Maurice F. Tissier, Acting City Clerk.

Certificate No. 305.                     For Voucher No. 42.
                Office of the City Clerk, 7 July 1887.
CITY OF EAST ST. LOUIS, ILLINOIS:

This certifies that since April 1, 1877, there is due from the city of East St. Louis, Illinois, to the East St. Louis Gas Light and Coke Company, or order, the sum of four hundred and thirty-eight 27-100 dollars for gas furnished to street lamps during the first half of March, 1877, inclusive, under contract of 3 Oct., 1874. Payable out of the special appropriation for public lamps of the general tax levy for A. D. 1876, certified to the county clerk on the 8th of August, A. D. 1876, under ordinance No. 303, approved and in force on that day according to law, with interest at six per cent when due until 1st June, A. D. 1877, or until sooner paid. Provided: That this certificate, for

E. St. L. G. L. & C. Co. v. City of E. St. Louis.

principal sum and accrued interest, shall at any time be receivable for any license, rent, fine, or penalty due the city. Amount of special appropriation from which this is payable, $10,666. Total of such certificates, including this, with interest, estimated to 1st June, 1877, now issued, $7,732.90.

THE CITY OF EAST ST. LOUIS,

By John B. Bowman, Mayor.

Maurice Tissier, Acting City Clerk.

Certificate No. 258.          For Voucher No. 393.

Office of City Clerk, November 24, 1876.

CITY OF EAST ST. LOUIS, ILLINOIS:

This certifies that since November 23, 1876, there is due from the city of East St. Louis, Illinois, to East St. Louis Gas Light and Coke Company, or order, the sum of nine hundred and five 47-100 dollars. Payable out of the special appropriation for public lamps, of the general tax levy for A. D. 1876, certified to the county clerk on the 8th of August, A. D. 1876, under ordinance No. 303, approved and in force on that day, according to law, with interest at the rate of six per cent when due until 1st June, 1877, or until sooner paid. Provided: That this certificate for principal sum and accrued interest shall at any time be receivable for any license, rent, fine, or penalty due the city. Amount of special appropriation from which this is payable, $10,666. Total of such certificates, incuding this, with interest estimated to 1st June, 1877, now issued, $3,704.97.

CITY OF EAST ST. LOUIS,

By Samuel S. Hoke, Mayor.

William O'Neill, City Clerk.

Certificate No. 257.          For Voucher No. 392.

Office of the City Clerk, November 24, 1876.

CITY OF EAST ST. LOUIS, ILLINOIS:

This certifies that since November 23, 1876, there is due from the city of East St. Louis, Illinois, to East St. Louis Gas Light and Coke Company, or order, the sum of eight hundred and seventy-six dollars. Payable out of special appropriation for public lamps, of the general tax levy for A. D.

1876, certified to the county clerk on the 8th of August, A. D. 1876, under ordinance No. 303, approved and in force on that day, according to law, with interest at the rate of six per cent when due until 1st June, A. D. 1877, or until sooner paid.   Provided : That this certificate, for principal sum and accrued interest, shall at any time be receivable for any license, rent, fine or penalty due the city. Amount of special appropriation from which this is payable, $10,666.   Total of such certificates, including this, with interest estimated to 1st June, 1877, now issued, $2,771.13.

THE CITY OF EAST ST. LOUIS,

By Samuel S. Hoke, Mayor.

William O'Neill, City Clerk.

Defendant below pleaded the general issue, ten years limitation, and a special plea averring that defendant was a municipal corporation incorporated under the laws of Illinois, and as such, contracted the supposed indebtedness in excess of the constitutional limit of five per centum on the value of the taxable property situated within the jurisdiction of said city, as ascertained by the last assessment of the State and county taxes, for the year previous to the incurring of said supposed indebtedness.   Issue was joined on all these pleas, and the trial resulted in a verdict and judgment for the defendant.   This judgment we are asked to reverse, and the errors assigned are that the court erred in refusing proper evidence offered by the plaintiff, in admitting improper evidence on behalf of defendant, in giving improper instructions to the jury on behalf of the defendant, and in not granting a new trial.

Messrs. W. C. KUEFFNER and DILL & SCHAEFER, for plaintiff in error.

Mr. F. G. COCKRELL, for defendant in error.

MR. JUSTICE GREEN.   The constitutional inhibition relied on to defeat the recovery for the indebtedness claimed by plaintiff in error, is Section 12 of Art. IX of the Constitu-

tion, which declares, " That no county, city, township, school district, or other municipal corporation shall be allowed to become indebted in any manner, or for any purpose, to an amount, including existing indebtedness, in the aggregate exceeding five per centum on the value of the taxable property therein, to be ascertained by the last assessment for State and county taxes, previous to the incurring of such indebtedness."

On behalf of plaintiff in error it is insisted the evidence does not show that the city of East St. Louis was indebted beyond the constitutional limitation, at the time the indebtedness claimed was incurred; that the city failed to prove what the amount of its indebtedness was at any time; that the five certificates dated July 7, 1877, recite on their face that the liability represented by each was incurred under a contract of October 3, 1874, and it is not pretended the city was then indebted beyond the limit fixed by the constitution; that the remaining two certificates sued upon, dated November 24, 1876, do not specify when the indebtedness represented by them was incurred, but merely show the indebtedness became due on November 24, 1876, and the constitutional limitation applies only to the time when the indebtedness was incurred, and does not apply to the time when it became due. It is further contended the evidence introduced to prove the amount of the taxable property in the city during the years from 1874 to 1886, inclusive, and to prove the amount of the city indebtedness during 1876 and 1877, was incompetent and was improperly admitted, and furthermore that the certificate of the county clerk so admitted to prove the amount of taxable property, does not mention property taxable within the city, but only property within the city. Hence it furnishes no evidence of the value of the taxable property therein, and that value, absolutely essential to the maintenance of the special plea, was not proven. It is also contended the court erred in giving the following instruction for defendant, because there was no evidence to base it on :

The court instructs the jury that " if you believe from the

evidence that the city of East St. Louis, in 1876 and 1877, and during each of said years, was indebted to an amount equal to or greater than five per cent of the value of the taxable property within the limits of said city according to the assessed value thereof of the previous year, and each of said years, and that said city was so indebted at the time the said supposed indebtedness accrued for lighting lamps as alleged in the declaration, and at the time the said supposed certificates mentioned in said declaration were issued, then and in that case, the verdict of the jury should be for the defendant." The declaration in this case sets up in the first and second counts thereof, the seven certificates mentioned in the statement; five of them in the first and two in the second count. The several amounts specified in said instruments, according to the tenor and effect thereof, comprise the entire indebtedness which it is averred defendant was liable to pay and promised to pay, and. for which judgment was asked. No proof of any other indebtedness was offered or introduced. The contract of October 3, 1874, was not sued upon or offered in evidence, and the alleged liability did not arise under that contract. Hence it is not material in this case whether or not the city was indebted beyond the constitutional limit on October 3, 1874, and the contention of plaintiff in error, that the defense set up in the third plea is defeated because of the failure to prove the city was so indebted at that date, is not tenable.

The seven instruments sued on were not warrants drawn upon the city treasurer, delivered to and accepted by plaintiff in full payment for gas furnished by it, but were evidences of indebtedness which the city thereby acknowledged it had incurred; and if at the time this debt was incurred, the city indebtedness, in addition to such debt, exceeded five per centum upon the value of the taxable property in the city, no recovery could be had. City of Quincy v. Prince, 21 N. E. Rep. 768; City of E. St. Louis v. E. St. Louis Gas Light & Coke Co., 19 Ill. App. 44; Same v. Flannigen, 36 Ill. App. 50; Norton v. City of E. St. Louis, 36 Ill. App. 171; City of E. St. Louis v. Flannigan, 26

Ill. App. 449.  The defendant, therefore, by its third plea assumed the burden of proving that the debt evidenced by the certificates sued upon, was unlawfully incurred and within the inhibition of the constitutional provision before quoted.

We are of opinion such defense was sustained by the proof. The five certificates described in the first count of the declaration, on their face show the consideration to be gas furnished the city in the several months of November and December, 1876, and January, February and March, 1877. At these dates, then, the debt was incurred which by the terms of the certificates is due, and for the recovery of which this suit was brought. The two certificates described in the second count were earlier in date than those mentioned in the first count, and no expressed consideration for the debt appears on the face of either, nor is the thing furnished or service rendered specifically stated, as in the other five certificates; and because of such omission it is insisted on behalf of plaintiff that the time when the debt was *incurred*, for which said two certificates were given, does not appear, but the time only when such debt became *due* is shown; and as the constitutional limitation can apply only to the time when the debt was incurred, evidence was not furnished to show that the debt mentioned in the two certificates was inhibited.

In our judgment, if the two certificates are examined in connection with the other five, enough appears to warrant the jury in finding they were given for gas furnished in the months of September and October, 1876.

In each the debt is certified to be due to the Gas Light & Coke Co. and payable out of the appropriation for public lamps. The reasonable inference from this recital is that the debt was incurred for gas to light the public lamps, furnished by said company.

Gas would probably be an article manufactured by such a company and used to light the public lamps of the city. The time when it was so furnished and the debt was incurred, can also be fixed with reasonable certainty by a like examina-

tion of the seven certificates. In each the appropriation out of which the debt is payable is one and the same, and the whole are evidently a connected series of certificates given for gas furnished monthly, one for each month in seven successive months. The first is set out in the second count and the last is for gas furnished during the first half of March, 1877, and is set out with four other certificates in the first count of the declaration. In the first $876 is certified to be due, and the total amount of certificates, including it with estimated interest to June 1, 1877, then issued, is therein stated to be $2,771.13. The next in order is the other certificate in said second count described, for $905.47, and the total amount of certificates, including it with like estimated interest then issued, is therein stated to be $3,704.97. Next following is in the first count for $876.36 for gas furnished during November, 1876, and the total amount of certificates, including it with like estimated interest then issued, is therein stated to be $4,687.62. The next order is for gas furnished during December, 1876, is for $900.76, and the total amount of certificates, including it with like estimated interest then issued, is therein stated to be $5,536. Next following is the certificate for $905.76 for gas furnished during January, 1877, and the total amount of certificates, including it with like estimated interest then issued, is therein stated to be $6,459.88. The next is for $818.10 for gas furnished during February, 1877, and the total amount of certificates, including it with like estimated interest then issued, is stated therein to be $7,390.25. The last certificate is for $438.27 for gas furnished during the first half of March, 1877, and the total amount of certificates, including it with estimated interest, then issued, is stated therein to be $7,732.90.

It thus appears to us there was for seven months a uniform successive monthly increase in the total amount of certificates issued, and this increase was made by adding the amount allowed for gas furnished each month and estimated interest to the total amount issued before that time. Moreover, the appropriation out of which each of the seven certificates was payable, was not made until August 8, 1876.

We therefore are of opinion that the jury were justified in finding from all the evidence, that the seven months mentioned were seven consecutive months, including September and October, 1876, and that the certificate for $876, set out in said second count, was issued for an indebtedness incurred by the city for gas furnished it during said month of September, and that the other certificate set out in second count for $905.47, was issued for an indebtedness incurred by the city for gas furnished it during said month of October, and that the remaining five certificates were issued for an indebtedness incurred by the city for gas furnished it during the months of November and December, 1876, and January, February and the first half of March, 1877.

The next questions to be determined are, does the evidence show that at the time the city incurred this indebtedness it became thereby indebted, including its existing indebtedness, to an amount exceeding five per centum on the value of the taxable property therein, and was the evidence introduced for that purpose properly admitted? If the evidence was properly admitted which defendant introduced to prove the amount of the city's existing indebtedness and the value of the taxable property therein during the months we find the debt sued for was incurred, it proved that during the entire period the indebtedness of the city, excluding the amount of the debt sued for, exceeded five per centum on the taxable property therein, and said debt was incurred in violation of the constitutional inhibition.

The testimony of Kirk, the witness examined on the trial below, and the same official publication of the city's indebtedness there read in evidence, were held by this court to be competent and admissible to prove the existing indebtedness of the city in the case of Norton v. City of E. St. Louis, 36 Ill. App. 172, and we adhere to that ruling and hold it was not error to admit that evidence on the trial below. The evidence admitted to prove the value of the taxable property within said city during the period the debt was incurred, was also admitted for that purpose in the Norton case and is as follows:

State of Illinois, ) ss.
St. Clair County, )    I, Phillip Rhein, county clerk, within and for the county and State aforesaid, do hereby certify that the following table shows the equalized value of all property within the City of East St. Louis for the years 1874 to 1886, both inclusive, respectively, as appears from the records in my office:

| Year | Val. Lands Doll. | Val. Lots Doll. | Val. P. P. Doll. | Val. R. E. Doll. | Total. Doll. |
|---|---|---|---|---|---|
| 1874 | | | | | 4,268,445 |
| 1875 | | | | | 5,476,219 |
| 1876 | 1,856.055 | 1,336,694 | 465,691 | 749,865 | 4,408,305 |
| 1877 | 1,378,799 | 1,254,707 | 440,432 | 126,167 | 3,800,105 |
| 1878 | 1,279,194 | 1,109,062 | 381,375 | 675.447 | 3,445,078 |
| 1879 | 1,223,336 | 922,969 | 424,508 | 538,921 | 3,109,734 |
| 1880 | 1,251,703 | 740,184 | 342,971 | 363,955 | 2,698,813 |
| 1881 | 1,276,136 | 822,023 | 476,023 | 389,537 | 2,698,719 |
| 1882 | 1,374,369 | 1,051,130 | 688,111 | 459,709 | 3,573,319 |
| 1883 | 1,413,587 | 1,168,520 | 572,226 | 550,685 | 3,704,968 |
| 1884 | 1,708,531 | 1,036,039 | 486,265 | 665,025 | 3,895,860 |
| 1885 | 1,485,279 | 986.220 | 572,910 | 739,591 | 3,784,000 |
| 1886 | 1,411,717 | 975,953 | 575,569 | 842,280 | 3,805,519 |

In witness whereof I have hereunto set my hand and the seal of my said office in the City of Belleville, this 28th day of September, A. D. 1891.

PHILLIP RHEIN,
County Clerk.
By T. O. Fleischbein, Dpty.

The objections made to this evidence are, that it is merely a certificate of the conclusions of the clerk and not a copy of the records. That it does not contain a statement that the clerk is keeper of the record, and " does not speak at all of property *taxable* within the city, but only of property within the city." And the proof not having been made of *taxable* property, the defense set up in the third plea is not sustained. The certificate is in the usual form, and as we read and construe it, it certifies that as *appears by the records* in the clerk's office the table set forth shows the equalized value of all property within said city, and it is not a certificate of the clerk's conclusions. The omission to state the clerk is keeper of said records is not material; the statute makes him such and courts take judicial notice thereof.

Although the word *taxable* is not used in the certificate, yet the words "equalized value" indicate the property named therein is all taxable property. These words, next preceding, as they do, the words "of all property," imply that it is the equalized value of all the property in the city liable to assessment, as finally fixed by the board of equalization, and not property exempt from taxation with which said board has no concern.

It is provided in Chap. 120, Starr & Curtis' Rev. Stat., where the board of equalization shall have completed the equalization of assessments, the chairman and secretary shall certify to the auditor the rates finally determined by said board, to be added to or deducted from the *assessed* valuation of each class of property in the several counties, and also the *amounts* assessed by said board; and it shall be the duty of said auditor to report the action of the board to the several county clerks, and it is provided in Sec. 130, same chapter: "When the books or lists for the collectors are completed, the county clerks shall make a complete statement of the assessment and taxes charged on blanks, and in conformity to instructions furnished to him by the auditor, and the clerk shall record said statement and forward it, properly certified, to the auditor."

Our conclusion is that the clerk's certificate read in evidence is not obnoxious to the objections made, and was properly admitted. That the instruction given on behalf of defendant had the evidence to base it upon; that the defense set up in the third plea was sustained by the proof, and the verdict and judgment for defendant was right.

The judgment is affirmed.

*Affirmed.*