# East St. Louis Gas Light & Coke Co. for use of William D. Griswold

## v.

## The City of East St. Louis et al.

*Gas Companies—Contract with Municipality to Supply Gas—Repudiation of.*

In an action brought by a gas company for the use of a person named, against a municipality, to recover damages for the repudiation by the latter of a contract with the former, providing for a supply of gas for the period of thirty years, said person being the assignee of such contract, this court holds the same to have been invalid, one which the city could at any time repudiate; that the declaration did not state a good cause of action; that the general demurrer was properly sustained thereto, and that the judgment against the plaintiff for costs, can not be interfered with.

412    APPELLATE COURTS OF ILLINOIS.

VOL. 47.]  E. St. L. G. L. & Coke Co. v. City of East St. Louis.

[Opinion filed March 17, 1893.]

IN ERROR to the Circuit Court of St. Clair County; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. WILLIAM C. KUEFFNER and DILL & SCHAEFER, for plaintiff in error.

Mr. F. G. COCKRELL, for defendants in error.

MR. JUSTICE GREEN.  Without setting out in detail the averments of the amended declaration, except as hereinafter mentioned, it is sufficient to say that this suit was brought by plaintiff in error for the use of Griswold, to whom it assigned a contract entered into on October 4, 1874, between the city of East St. Louis and plaintiff in error, to recover damages for the repudiation of said contract by the city.

By the terms of the contract the city agreed to take gas from plaintiff in error, and that said contract should continue for the term of thirty years from and after October 1, 1874. It is averred in said declaration that on the faith of said contract, the gas company expended $30,000 in providing posts, lamps, pipes, etc., necessary to furnish the gas, which expense it would not have incurred except for and in reliance upon said contract.  That on February 19, 1890, the city, by a resolution of the city council, repudiated said contract, and thereupon on the 20th day of February, 1890, the mayor and city clerk notified said Griswold of the said action of said council and furnished him with a certified copy of said resolution, and has from thence refused to take or pay for said gas.  That long before February 19, 1890, Griswold had become and then was and still is, the assignee of said contract, and of all the rights and demands growing out of the same, and was on said date, and ever since has been and still is, ready to comply with the terms of said contract, and furnish such gas until the expiration of said contract by lapse of time; that by reason of such repudiation, said posts, lamps and gas pipes have become greatly reduced in value and have become next to worthless, and said Griswold has

lost the profits he would have made if said contract had not been repudiated. A general demurrer was interposed to this declaration and sustained by the court. Plaintiff elected to stand by the declaration, whereupon judgment was entered against it for costs, and plaintiff sued out this writ of error. Counsel for plaintiff in error suggests that the only question for our consideration is, does the declaration state a cause of action? This is so, if the question was, does the declaration state a good cause of action? Counsel then state their position thus:

First. " This is an action for damages for repudiation of a contract. If this were a contract between two individuals, our inquiry would have to be answered in the affirmative."

Second. " That a city is not at liberty to annul its contracts. It has no more rights in this respect than an individual," and cites Hewett v. Town of Alton, 7 N. H. 257; State v. Heath, 20 La. Ann. 1721 ; West Sav. Society v. Philadelphia, 31 Pa. St. 175 ; Davenport Export Gas Co. v. Davenport, 13 Iowa, 233. These same citations appear in the brief of counsel (who took the same position as counsel for plaintiff in error here does) in E. St. L. v. E. St. L. Gas Light & Coke Co., 98 Ill. 415. Yet, in the principal opinion, it appears the court, even with the aid furnished by the authorities, was not impressed with the soundness of the doctrine contended for by counsel for plaintiff in error, but say, "Whether this length of time of the running of the contract be a valid objection to it, we deem it unnecessary to determine for the purpose of this suit, and would not be understood as expressing any opinion in that regard; for, admitting that the contract can not be upheld in that respect, it is an objection, we conceive, which only applies to the *executory* part of the contract and has no application to the *executed* part of it." The separate dissenting opinion of Justice Walker demonstrates, by clear and conclusive reasoning, that as an executory contract, this contract of October 4, 1874, is invalid and void, and, as we think, nothing said in the principal opinion controverts such ex-

pression, but, on the contrary, it is there conceded that the
city could at any time avoid this contract.    We adhere to our
ruling in the case of City of E. St. L. v. E. St. L. Gas Light
& Coke Company, reported in 19 Ill. App. 44.    The cases
of Quincy v. Bull, 106 Ill. 337, and Prince v. Quincy,
105 Ill. 138, are not in point, and we hold the city
had the right to disaffirm, as it did, the said contract.
It follows, then, that in our opinion, the declaration
does not state a good cause of action; that the general
demurrer was properly sustained thereto, and the court did
not err in entering judgment against appellant for costs.
The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*