No. 9332.

## SCEARCE v. GALL.

CONTRACT.—*Promise to Pay Debt of Third Person.*—A written promise, on a new and valuable consideration, to pay the debt of a third person, is valid, although there is no release of the original debtor, and may be enforced by the creditor.

SAME.—*Consideration.*—The assignment of a sheriff's certificate of the sale of land under a decree of foreclosure is a sufficient consideration for a promise by the assignee to pay a junior judgment lien on the land.

SAME.—*Performance in Manner Requested.*—A party procuring performance in a given manner can not complain thereof.

SAME.—*Payment in Notes.*—*Action for Recovery of Money.*—Where one undertakes to pay in notes and refuses to execute them, he may be sued in the first instance for the recovery of money.

SHERIFF'S SALE.—*Description in Notice.*—*Answer.*—*Reply in Avoidance.*—A. assigned to B. a sheriff's certificate of the sale of land, on which C. held a junior judgment lien, B. agreeing in consideration of the assignment to pay C.'s judgment. In a suit by C. to enforce payment, an answer by B. that the sale was void because of an insufficient description in the notice is avoided by a reply that under a second sale the defendant acquired a perfect title and had long been in possession of the land.

From the Hamilton Circuit Court.

*E. H. Granger*, for appellant.

*A. F. Shirts, G. Shirts* and *W. R. Fertig*, for appellee.

ELLIOTT, J.—The material allegations of the appellee's complaint may be thus summarized: On the 16th day of November, 1875, he recovered judgment against Peter Sterne for $373.25; that, on the 30th day of March, 1878, the appellant acquired a mortgage lien on the real estate of Sterne, but junior to that of appellee's judgment, which was still in force; that Amos Haverstick was the owner of a mortgage upon part of the real estate which was the senior lien; that Haverstick purchased the mortgaged premises at a sale made upon a decree foreclosing his mortgage, and received a certificate; that the appellant purchased from Haverstick the certificate, and, in consideration of the sale to him, agreed to pay the appellee's judgment. A written contract was executed by Haverstick and the appellant, and is made part of the complaint.

The promise made by the appellant for the benefit of the appellee is a valid one, and is enforceable by him. A promise by one person to another, for the benefit of a third, may be enforced by the latter.

Appellant's counsel argue that the complaint is bad because it does not show a release of the original judgment debtor. Counsel have misconceived the theory upon which the complaint rests. The contract declared on is not a verbal but a written one, and the question whether there was or was not a novation, is wholly immaterial. A written promise, founded upon a new and valuable consideration, to pay the debt of a third person, is valid, although there is no release of the original debtor. In the present case, the consideration of the promise made to Haverstick, for the benefit of the appellee, was the assignment of the sheriff's certificate, and this was sufficient, irrespective of any other.

Where a party undertakes to execute notes in payment and refuses to do so, he may be sued at once. It is not necessary to sue to compel the execution of the notes, but the action may be brought in the first instance for the recovery of money. If appellant had desired to avail himself of the right to make payment in notes, he should have executed them at the time fixed by the contract.

The written contract provides that the certificate shall be assigned to appellant, and the complaint alleges that, at his request, it was assigned to him and one Martha J. Passwaters jointly. It is argued that this does not show performance. The argument is without merit. A party who procures performance in a given manner is not in a situation to complain of the other for having complied with his request.

There was no error in sustaining the demurrer to the third paragraph of the answer. If it was good, no harm resulted, for all the matters stated were embraced in other paragraphs.

The appellant alleged, in his answer, that the property was not sufficiently described in the notices of sale published by the sheriff, and that the sale was, therefore, void. Appellee

replied that the mistake in the notices was not discovered until after the year for redemption had expired; that, immediately upon the discovery of the mistake, the appellant procured another certified copy of the judgment and decree, and caused a second sale to be made; that, under the second sale, the appellant acquired a perfect title, and had long been in possession of the land. We regard the reply as sufficient.

There was no warranty by the appellee, and the assignment of the certificate created no liability against him. It may well be doubted whether there would be any liability if no title at all could have been acquired; but, however this may be, it is quite clear that the appellant, having secured title and being in possession under it, is in no condition to repudiate his contract.

Judgment affirmed.