LOTT *et al. v.* THE MAYOR & COUNCIL OF WAYCROSS *et al.*

| 84 | 681 |
| 106 | 702 |
| 106 | 709 |
| 106 | 735 |
| 84 | 681 |
| e124 | 356 |

The Mayor and Council of Waycross can contract an annual indebtedness for supplying lights to the town without submitting to a vote of the people the question as to making such contract. If the annual payments stipulated by the contract in this case be made, and if this be (as it seems) a reasonable expense to be incurred by the town, the question whether the contract incurs such an indebtedness as must be submitted to a vote of the people, will probably not arise.

March 14, 1890.

Injunction. Municipal corporations. Constitutional law. Contracts. Before Judge ATKINSON. Ware county. At chambers, August 24, 1889.

Reported in the decision.

J. C. McDONALD and L. A. WILSON, by HARRISON & PEEPLES, for plaintiffs, cited 84 *Ga.* 213 ; Acts 1882–3, p. 285 ; Code, §5191 ; 64 *Ga.* 286, 498 ; 67 *Ga.* 296 ; 68 *Ga.* 272 ; 74 *Ga.* 845; Dill. Mun. Corp. §§133–4 ; 7 Bliss, 48 ; 47 Cal. 488; 29 *Id.* 180 ; 47 Penn. St. 21 ; 60 *Id.* 464 ; 12 Mich. 279.

J. L. SWEAT, by brief, for defendants, cited 1 Dill. Mun. Corp. §§88, 94; Code, §1672 ; 52 *Ga.* 211 ; 67 *Ga.* 106; 78 *Ga.* 480 ; 98 Ill. 415 ; 49 Am. Rep. 416.

Blandford, Justice.

The Mayor and Council of Waycross entered into a contract in writing with Miles Albertson, one of the defendants, whereby it was agreed between them that Albertson should put in a plant and furnish so many electric lights for the town for the term of ten years; the mayor and council, in consideration thereof, agreeing to pay to the said Albertson the sum of two thousand dollars annually, to be paid monthly. The plaintiffs filed their petition asking that the mayor and council and said Albertson be enjoined from further proceeding to carry out said contract, alleging that said contract is the incurring of a debt which is required, under the constitution of this State, before the same can be incurred, to be submitted to the legally qualified voters of said town, and to be adopted by them by a two-thirds majority. The court refused this injunction, and plaintiffs excepted.

It is clear to our mind that the Mayor and Council of Waycross have a right to contract an annual indebtedness for the purpose of supplying lights to the town; and we do not think such a contract would be an indebtedness such as is required by the constitution to be submitted to the vote of the people of the town. Whether this contract incurs an indebtedness which is required to be submitted to the voters of the town under the constitution, it is not necessary for us now to decide. It may be that the question may never arise, even under this contract, if the sum stipulated to be paid annually for the supply of lights is paid as it becomes due; and if this is a reasonable expense to be incurred by the city, and we do not see why it is not, then the question will never arise. Should the city make default of payment, then the question might arise; and it would have to be decided whether this was such a contract as imposed upon the city an indebted-

ness such as is contemplated by the constitution to be submitted to the people. "Sufficient unto the day is the evil thereof." Let the light shine in Waycross.

*Judgment affirmed.*