Filed June 18, 1891.

---

No. 14,936.

## CROWDER ET AL. *v.* THE TOWN OF SULLIVAN ET AL.

MUNICIPAL CORPORATION.—*Payment by Yearly Instalments.*—*Indebtedness Not Created for Aggregate Sum.*—Where a municipal corporation contracts for a usual and necessary thing, such as water or light, and agrees to pay for it annually as furnished, the contract does not create an indebtedness for the aggregate sum of all the yearly instalments, since the debt for each year does not come into existence until the compensation for each year has been earned.

SAME.—*Contract for Electric Lights.*—*Notice.*—The statute confers upon municipal corporations authority to contract for electric lights, and does not require that notice should be given inviting proposals, nor does it require notice in any form.

SAME.—*Use of Streets.*—*Exclusive Privilege to One Corporation.*—*Can not be Granted.*—A municipal corporation can not grant to a private corporation the exclusive privilege of using its streets for the purpose of supplying the corporation, or its citizens, with light, water, fuel, or the like.

SAME.—*Use of Streets.*—*Special Ordinance Granting.*—*Validity of.*—*When General Ordinance Necessary.*—A special ordinance granting a permissive license to a designated corporation is effective. When a municipality attempts to regulate the mode of using its streets it must do so by a general ordinance ; but when it simply grants a privilege to use the streets, and does not undertake to regulate the entire subject, a general ordinance is not indispensably necessary to authorize the licensee to use the streets. The rights acquired under a mere permissive license are subject to control under the delegated governmental power vested in the municipality.

CORPORATION.—*Existence of.*—*Attacked by Direct Proceeding.*—*When Must be.*—Where there is a statute authorizing the creation of a corporation and an attempt to comply with the statute, and an actual exercise of corporate functions, the existence of the corporation can only be destroyed by a direct proceeding.

From the Sullivan Circuit Court.

Crowder *et al. v.* The Town of Sullivan *et al.*

*J. M. Humphreys, T. Wolfe, J. T. Beasley, A. B. Williams* and *I. H. Kalley,* for appellants.

*G. W. Buff, J. S. Bays* and *J. T. Hays,* for appellees.

ELLIOTT, J.—The object of this suit is to enjoin the officers of the town of Sullivan from paying to the Sullivan Electric Light and Power Company compensation for furnishing the town and its citizens with light. The theory upon which the complaint is constructed is that the contract with the company and the ordinance upon which it is founded are void.

One of the grounds upon which the validity of the contract is assailed is that it creates an indebtedness beyond the limits prescribed by the statute. The law is against the appellants upon this point. They assume that the contract creates a debt for the aggregate of all the yearly payments provided for by the contract, and, if this assumption is not valid, their position is untenable. That this assumption is not valid is clear. Where a municipal corporation contracts for a usual and necessary thing, such as water or light, and agrees to pay for it annually as furnished, the contract does not create an indebtedness for the aggregate sum of all the yearly instalments, since the debt for each year does not come into existence until the compensation for each year has been earned. It may be true that the contract creates an obligation for a breach of which an action for damages will lie, but it does not create a right of action for the unearned compensation. The earning of each year's compensation is essential to the existence of a debt. If municipal corporations can not contract for a long period of time for such things as light or water, the result would be disastrous, for it is matter of common knowledge that it requires a large outlay of money to provide machinery and appliances for supplying towns and cities with light and water, and that no one will incur the necessary expense for such machinery and

appliances if only short periods are allowed to be provided for by contract. The courts can not presume that the Legislature meant to so cripple the municipalities of the State as to prevent them from securing light upon reasonable terms, and in the ordinary mode in which such a thing as electric light or gas is obtained. But it is unnecessary to discuss this point at greater length, for we regard the law upon it as settled by the adjudged cases. *City of Valparaiso v. Gardner,* 97 Ind. 1, and authorities cited; *City of New Albany v. McCulloch,* 127 Ind. 500; *City of East St. Louis v. East St. Louis, etc., Co.,* 98 Ill. 415; *Appeal of City of Erie,* 91 Pa. St. 398; *Grant v. City of Davenport,* 36 Iowa, 396; 1 Dillon Munic. Corp. (4th ed.), section 135.

The statute confers upon municipal corporations authority to contract for electric lights, and does not require that notice should be given inviting proposals, nor does it require notice in any form. Elliott's Supp., section 794. As the mode of making contracts is committed to the discretion of the municipal authorities, and they are not required to give notice, a contract may be awarded without giving notice. *City of Aurora v. Fox,* 78 Ind. 1. If the municipality were endeavoring to levy a specific assessment upon individuals or upon private property, then notice would be required upon general principles; but there is no such attempt here, for the entire compensation is to be paid from the corporate treasury. There is a clear and important difference between cases where a debt is created payable out of general corporate revenues and cases where special assessments are laid upon property. See authorities cited, note 1, Elliott Roads and Streets, 343.

The right of the electric company to exercise corporate functions can not be collaterally attacked. Where there is a statute authorizing the creation of a corporation, an attempt to comply with the statute, and an actual exercise of corporate functions, the existence of the corporation can only

be destroyed by a direct proceeding. *Baker* v. *Neff*, 73 Ind. 68 ; *Williamson* v. *Kokomo, etc., Ass'n*, 89 Ind. 389.

It is unquestionably true that a municipal corporation can not grant to a private corporation the exclusive privilege of using its streets for the purpose of supplying the corporation or its citizens with light, water, fuel, or the like. *Indianapolis, etc., R. R. Co.* v. *Citizens', etc., R. R. Co.*, 127 Ind. 369 ; *Citizens', etc., Co.* v. *Town of Elwood*, 114 Ind. 332 ; see authorities cited, note 2, Elliott Roads and Streets, 332. If · the ordinance before us is to be construed as granting an exclusive privilege it must be adjudged void in so far, at least, as it attempts to make such a grant. We are, however, quite well satisfied that the ordinance does not attempt to grant an exclusive privilege. It does, it is true, grant a right to use the streets of the town, but it does not exclude their use by competing companies. It does not throttle competition, for it merely grants a license to use the streets. It can not be held that permission to one company to use the streets excludes others ; on the contrary, the grant of such a license leaves plenary power in the municipality to grant licenses to rival companies at any time. A licensee who obtains a right to use public streets does not obtain a monopoly. The right to grant other licenses remains open and unobstructed. Not only does the right to license other companies remain open, but the right to prescribe reasonable police regulations by a general ordinance also remains unimpaired. This is the effect of the decision in *Citizens', etc., Co.* v. *Town of Elwood, supra.*

A private corporation that obtains a license to use the streets of a municipality takes it subject to the power of the municipality to enact a general ordinance ; for a governmental power, such as that exercised in enacting police regulations, can not be surrendered or bartered away even by express contract. But there is here no attempt to surrender or barter away this governmental power, for there is nothing more than a license to use the streets of the town. The decision

in the case of *Citizens', etc., Co.* v. *Town of Elwood, supra,* was made upon an ordinance assuming to make a discrimination in favor of one company, and thus exclude all others from using the streets of the town for supplying the citizens with fuel, and it can not be regarded as denying the right to grant a license to a designated company, although it does deny the power to discriminate in favor of one company to the detriment of competing companies. Where a munici-pality attempts to regulate the mode of using its streets it must do so by a general ordinance, but it does not follow that a general ordinance is essential to the validity of a license granted to a designated company. It is one thing to specifically license a corporation to lay pipes in a street or construct electric lines, and quite another to regulate the entire subject of supplying light, fuel, or the like, for where the municipal authorities assume to legislate upon the entire subject a general ordinance is required ; but where they simply grant a privilege to use the streets, and do not undertake to regulate the entire subject, a general ordinance is not indispensably necessary to authorize the licensee to use the streets. But neither by a general ordinance nor by special license can discriminations be made or monopolistic privileges be created. It is, however, often true that a privilege is in its nature monopolistic, and, as shown in the case of *Indianapolis, etc., Co.* v. *Citizens', etc., Co., supra,* when this is so, the grant of the privilege is of necessity the grant of monopolistic rights; but in such a case the corporate grant does not create the monopoly. See authorities cited notes 1, 2 and 3, Elliott Roads and Streets, 567.

In this instance there is nothing more than the grant of a license ; there is no attempt to create exclusive privileges, nor any attempt to regulate the entire subject. The rights acquired under a mere permissive license are subject to control under the delegated governmental power vested in the municipality, for no licensee can acquire rights not subject to regulation under the police power delegated to the local gov-

ernmental instrumentalities. We have here no question of contract rights, for the question presented by the record is whether a special ordinance granting a permissive license to a designated corporation is effective.

