No. 17,581.

## SEWARD v. THE TOWN OF LIBERTY.

INJUNCTION.—*Contract for Lighting Streets of a Town.—Fraud.—Price.—Gas Company.*—A town will not be enjoined from making a contract for lighting its streets with gas on the ground of fraud, simply because the price to be paid is three times that paid by private consumers, where it does not appear that the gas plant was sufficient to furnish the necessary gas, or that it can be obtained elsewhere for a less amount, or that the gas to be furnished the town is of the same quality as that furnished to private consumers.

MUNICIPAL CORPORATION.—*Contract for Lighting Streets.—Debt.*—A contract for gas to light the streets of a town for a specified time does not create an indebtedness within the meaning of section 4377, R. S. 1894, prohibiting any incorporated town from incurring any debt without the presentation to the board of trustees of a petition.

From the Union Circuit Court

*C. L. Seward,* for appellant.

*T. D. Evans,* for appellee.

MONKS, J.—Appellant brought this action to enjoin appellee from contracting with Snyder & Coughlin to furnish gas to light the streets and public grounds of said town.

The complaint was in two paragraphs, to which a demurrer for want of facts was sustained, and appellant refusing to plead further, appellee had judgment.

It is alleged in the first paragraph "that appellee is about to enter into a contract to pay $720.00 per year for sixty street lights, that is, $12.00 per year for each light, being $3.00 per thousand feet for the gas used, while private consumers are only paying $1.00 per thousand feet for gas from the same company; that the market price of gas to all persons using said gas in

said town is and has not been over $1.00 per thousand feet; that the amount appellee is about to agree to pay is excessive, being three times more than the market price of said gas, and for that reason and in that respect, the proposed contract will be fraudulent and unfair, etc."

The statute confers upon towns the authority to contract for the lighting of the streets, alleys and other public places with the electric or other forms of light, on such terms and for such times, not exceeding ten years, as may be agreed upon.   Section 4301, R. S. 1894; Acts 1883, ·p. 85; *Crowder* v. *Town of Sullivan*, 128 Ind. 486, 488 (13 L. R. A. 647).

The power given by statute to municipal corporations to contract for gas is purely a business power and is discretionary.   *City of Valparaiso* v. *Gardner*, 97 Ind. 1, 4, and cases cited; Dillon Munic. Corp. (4th ed.), section 473, and note; Beach Public Corp., sections 555, 815.

It is settled law that discretionary powers vested by law in municipal corporations are not subject to judicial control, except in cases where fraud is shown or the discretion is being grossly abused to the oppression of the citizen.   *City of Valparaiso* v. *Gardner, supra; City of Crawfordsville* v. *Braden*, 130 Ind. 149 (14· L. R. A. 268); *City of Richmond* v. *Davis*, 103 Ind. 449; *Robling* v. *Board, etc.*, 141 Ind. 522; *Kitchel* v. *Board,* etc., 123 Ind. 540 (542), and cases cited; *Crow* v. *Board, etc.*, 118 Ind. 51; *Board, etc.*, v. *Bunting*, 111 Ind. 143; *Spring Valley Water Works* v. *Schottler*, 110 U. S. 347; *Madison* v. *Harbour Board of Baltimore*, 76 Md. 395, s. c. 25 Atl. 337; *Stevens* v. *St. Mary's Training School*, 144 Ills. 336 (18 L. R. A. 832) (36 Am. St. Rep. 438); *Whitney* v. *City of New Haven*, 58 Conn. 450; *Kendall*

v. *Frey*, 74 Wis. 26 ; *Konrad* v. *Rogers*, 70 Wis. 492 ;
2 Am. St. Rep. on p. 93 ; 1 Dillon Munic. Corp. (4th
ed.), section 94 ; 15 Am. and Eng. Ency. of Law, p.
1046, notes 3 and 4 ; 2 High Inj. (3rd ed.), sections 1240,
1246 ; 2 Beach Inj., section 1277.

Difference in opinion or judgment, however, is not
sufficient reason for interference. High Inj., section 785.

The price to be paid for gas was within the discretion
of the board of trustees of the town. The only allega-
tion concerning fraud is that the price for which appellee
is about to contract is three times what is paid by private
consumers and that for that reason the proposed contract
is fraudulent. There is no allegation that the gas plant
may not have to be enlarged to furnish the gas provided for
in the contract, or that the plant is of sufficient capacity
to furnish the gas to light the town, or that any person
or company will furnish the gas for less per year or per
thousand feet, or that the gas to be furnished to the
town under the proposed contract, is the same quality as
that furnished to private consumers, or that the board of
trustees or any one or more of them were about to enter
into this contract from any improper or corrupt motives
or influence.

One who charges fraud must plead all the facts con-
stituting fraud ; it is not sufficient to charge that a
transaction is fraudulent. *Joest* v. *Williams, Admr.*, 42
Ind. 565 (568) ; *Curry* v. *Keyser*, 30 Ind. 214. Facts must
be pleaded showing fraud, or that the discretion given
by statute is grossly abused, to the oppression of the
citizen.

The presumption is in favor of fair dealing ; that the
officers of appellee were acting in good faith and accord-
ing to law ; to be sufficient, therefore, the paragraph of
complaint in question must contain such allegations as

will overcome this presumption.     Tested by these rules, the first paragraph of the complaint was not sufficient.

It is alleged in the second paragraph of the complaint that appellee is about to contract for gas to light the streets for four years for which the town will be required to pay $2,880.00, "for the payment of which said town has no adequate funds." The proposed contract is assailed in this paragraph on the ground that it creates an indebtedness, within the meaning of section 4377, R. S. 1894; Acts 1891, p. 389, and that no petition has ever been presented to the board of trustees as required by that section.     This court has held that such a contract does not create an indebtedness within the meaning of that section.     *Crowder* v. *Town of Sullivan, supra,* and cases cited; *City of Valparaiso* v. *Gardner, supra,* and cases cited; *Foland* v. *Town of Frankton,* 142 Ind. 546; 2 Beach Pub. Corp., section 815; *Smith* v. *Inhab. of Dedham,* 144 Mass. 177; *Grant* v. *City of Davenport,* 36 Iowa, 396; *East St. Louis Gas Light Co.* v. *East St. Louis,* 45 Ill. App. 591; *Walla Walla Water Co.* v. *City of Walla Walla,* 60 Fed. Rep. 957; *Lott* v. *City of Waycross,* 84 Ga. 681; *Merrill R. W., etc., Co.* v. *City of Merrill,* 80 Wis. 358.

There was no error in sustaining the demurrer to each paragraph of the complaint.

Judgment affirmed.

Filed November 20, 1895.