TOWN OF GOSPORT v. PRITCHARD ET AL.

[No. 19,250. Filed April 2, 1901.]

MUNICIPAL CORPORATIONS.—*Towns.*—*Contracts.*—*Electric Lights.*—In an action against a town to recover the contract price for lighting the streets thereof with electric light, it is not necessary to state in the complaint the population of the town, the amount of its taxables, the amount of its current expenses, etc., in order that the court might know that the contract was one which the town had the right to make, since towns have the right to enter into such contracts, under §4301 Burns 1894, and fraud or abuse of discretion is never presumed, but must be alleged and proved. *pp. 401, 402.*

SAME.—*Towns.*—*Contract for Electric Lights.*—*Action on Contract.*—Where the board of trustees of a town entered into a contract for lighting the streets with electric light at a certain price per year, payable monthly, and afterward repudiated the contract and asserted that the same was void and of no effect, the proper remedy was an action on the contract for the amount due, not by writ of mandate to compel the board to discharge their duties under the contract. *pp. 402, 403.*

SAME.—*Towns.*—*Contracts.*—A contract for lighting the streets of a town, purporting on its face to be the contract of the town, signed by a person as president of the board of trustees, and by one of the trustees, and attested by the clerk and entered among the proceedings of the board, is binding upon the town. *p. 403.*

SAME.—*Towns.*—*Repudiation of Contract.*—An answer in an action against a town on an electric lighting contract setting out the population of the town, taxable property, number of poles, rate of taxation, the indebtedness of the town and its current expenses, alleg-

Town of Gosport *v.* Pritchard.

ing that a levy of taxes sufficient to meet the payment for the light
would be oppressive and burdensome to the taxpayers of the town
and a gross abuse of discretion of the board of trustees, is insufficient
where it is not shown that by said contract the town became in-
debted beyond the constitutional limit, or that defendant did not have
sufficient cash on hands to pay the amount sued for. *pp. 403-405.*

MUNICIPAL CORPORATIONS.—*Contracts for Lighting Streets.—Ordi-
nance.*—The right of a municipal corporation to contract for lighting
the streets is not a legislative power, and a contract therefor need
not be by formal ordinance or resolution. *pp. 405, 406.*

From the Owen Circuit Court.    *Affirmed.*

*I. H. Fowler, T. G. Spangler* and *E. S. Davis,* for appel-
lant.

*Willis Hickam* and *L. U. Downey,* for appellees.

MONKS, J.—Appellees brought this action against ap-
pellant to recover the contract price for lighting the streets
of said town with electric lights. The cause was tried by
the court, a special finding of facts made and conclusions
of law stated thereon, and final judgment rendered in favor
of appellees.

It is first insisted that the court erred in overruling
the demurrer to the complaint. It is claimed that the com-
plaint, in order to make it sufficient, should allege "all the
surrounding circumstances under which it was executed,
such as the population of the town, the amount of its tax-
ables, the amount of its current expenses, etc., to the end
that the court might know that the contract was one which
appellant had the power to make, and was not wrongful and
oppressive." In this State towns have the authority to con-
tract for the lighting of the streets and alleys, and other
public places, with electric or other forms of light. §4301
Burns 1894, Acts 1883, p. 85; *City of Crawfordsville* v.
*Braden,* 130 Ind. 149, 14 L. R. A. 268, 30 Am. St. 214;
*Crowder* v. *Town of Sullivan,* 128 Ind. 486, 488, 13 L. R.
A. 647. Fraud, or abuse of discretion, is never presumed,

but must be averred and proved. *Seward* v. *Town of Liberty*, 142 Ind. 551, 553; *Wallace* v. *Mattice*, 118 Ind. 59; *Morgan* v. *Olvey*, 53 Ind. 6; *Stewart* v. *English*, 6 Ind. 176. See, also, *Town of Petersburg* v. *Petersburg, etc., Co.*, 16 Ind. App. 151.

It is next insisted by appellant that appellees' remedy was a writ of mandate to compel the board of trustees of appellant to discharge their duties under the contract sued upon, and not to recover a money judgment for the contract price for lighting said town. The parts of the contract and complaint necessary to the determination of this question are substantially as follows: The contract sued upon provides that appellant should pay appellees for each of the ten arc lights furnished the sum of $60 per year, and pay the same monthly, but not in advance, and in the event that cash payments could not be made appellees were to accept warrants on the town treasurer, due one year after date, with six per cent. interest from date. It is alleged in the complaint that appellant complied with its part of said contract until the month of April, 1898; "that for said month, and all months since, appellant's board of trustees have refused to allow or pay appellees for lighting the streets and alleys of said town under said contract, and have refused to issue its warrants for the same, or any part thereof, but have repudiated said contract, and asserted that the same is void and of no effect, and that all of appellees' claims under said contract are invalid and void; that appellees have in all respects fully complied with the terms of said contract." It will be observed that appellant did not refuse to pay for lighting said town for the month of April, 1898, and since, because it did not have the money, but it refused to pay or issue its warrants, on the ground that the contract was void, and all claims for lighting the town under said contract were invalid. Appellant could, under said contract, have availed itself of the right to execute its warrants for lighting said town for the month of April, 1898,

and each month thereafter, but when it failed to do so and repudiated said contract, appellees had the right to sue at once for the amount due. *Scearce* v. *Gall*, 82 Ind. 255. This was an adequate remedy. The rule is that the writ of mandamus is not proper when there is another adequate remedy. *State* v. *Real Estate, etc., Assn.*, 151 Ind. 502.

The contract recites that it is an agreement between the town of Gosport, Owen county, Indiana, of the first part, etc., and is signed by "Joseph Mullen, President of the town board of Gosport, Ind., John Howard, Trustee. Attest, W. I. Brighton, Clerk." Appellant insists that said contract did not bind the town, but only the persons who signed the same. There is nothing in this objection. The contract purports to be the contract of the town of Gosport, party of the first part, and is signed by a person as president of the board of trustees, and by one of the trustees, and attested by the clerk, and entered among the proceedings of said board of trustees. The objections urged against the complaint are not tenable.

The court overruled a demurrer to the second paragraph of appellant's answer, and this is assigned for error. It appears from said paragraph of answer that the town of Gosport had, when said contract was made, and when the action was commenced, a population of 600; taxable property $197,960; 105 polls; that the rate of taxation was $2.45 on each $100 for all purposes, State, county, school, and town, and poll-tax of $3.50; that the tax rate of said town for general purposes was thirty-five cents on each $100; that no levy had been made to meet the expenses for electric lights; that the indebtedness of the town was $1,000; that the current expenses of the town were $800 per annum, all of which are payable out of the general fund; that said town is only authorized to levy a corporation tax of fifty cents on each $100 of valuation. It is also alleged that the levy of sufficient taxes to raise the money to pay appellees for the period of ten years, and said indebted-

ness of $1,000, in addition to the taxes already levied, and those necessary to be levied each year to maintain said town, is and would be very oppressive and burdensome to the tax-payers of said town and a gross abuse of the discretion of the board of trustees of said town. The facts alleged in said answer do not show, nor does appellant claim, that by said contract appellant became indebted beyond the constitutional limit, as fixed by article 13 of the Constitution, being §220 Burns 1894, §220 R. S. 1881 and Horner 1897; *City of Laporte* v. *Gamewell, etc., Co.,* 146 Ind. 466, 471, 35 L. R. A. 686, 58 Am. St. 359; *Cason* v. *City of Lebanon,* 153 Ind. 567. The law authorizes a town to levy a tax of twenty-five cents on each poll, fifty cents on each $100 valuation of the taxable property, for general purposes, and fifteen cents for electric light purposes (§§4357, 4362 Burns 1894), making a total of sixty-five cents on each $100 valuation. Moreover, there are other sources of revenue not mentioned in said paragraph of answer, such as dog tax, licenses of different kinds, fines, and penalties for the violation of ordinances. There are no facts alleged showing what the different items of current expenses were for which $800 per annum is expended, nor are there any facts alleged showing that the same are necessary current expenses of said town. For all that appears from said answer, appellant may have enough cash on hand to pay the amount sued for in this action, and its income sufficient to pay the $600 per annum for lighting said town, and all other necessary current expenses. It is the law in this State that the expense of light and water is essential to the maintenance of corporate existence, and constitutes current expenses payable out of the current revenues, which may be applied to such purpose, even though the effect is to postpone judgment or other creditors. *Foland* v. *Town of Frankton,* 142 Ind. 546, 550.

The power of municipal corporations to contract for the lighting of streets is purely a business power, and is discre-

tionary. 'Discretionary powers vested in such corporations are not subject to judicial control, except in cases where fraud is shown, or the discretion is grossly abused, to the oppression of the citizen. *Seward* v. *Town of Liberty,* 142 Ind. 551, 552, 553, and cases cited. As was said in *Robling* v. *Board, etc.,* 141 Ind. 522, in speaking of such discretion, when "they determine that question it is final, unless it is shown that their decision was brought about by fraud or corruption, or is so manifestly wrong and prejudicial to the public interest as to create a conviction that it was the result of fraud and a plain disregard of official duty." The presumption is in favor of honesty and fair dealing, and that said contract was made in good faith. There is no charge of corruption, fraud, or bad faith in the execution of said contract, but the allegations of said paragraph of answer show a mere difference of opinion or judgment in regard to the propriety or necessity for lighting said town, as provided therein. This is no defense to said contract, nor does it furnish any reason for interference therewith by injunction or otherwise. *Seward* v. *Town of Liberty,* 142 Ind. 551, 553.

At the time the contract sued upon was made, appellant's board of trustees adopted a special ordinance, granting to appellees, by name, the right to erect, maintain, and operate along and on the streets and alleys of said town a system of poles, wires, lamps, and other appliances, necessary, convenient, and proper for the lighting of said town by electricity. Said ordinance also authorized the president of the board of trustees of said town to execute the contract sued upon which is set out and made a part of said ordinance. This contract purported to be between appellant and appellees, and provided for the lighting of said town by electricity. It is insisted by appellant that said ordinance never took effect, because it contained no emergency clause, and was not published, as required by clause sixteen of §4357 Burns 1894, and therefore the contract was invalid.

The ordinance only granted appellees a license to erect and maintain their poles, wires, lamps, etc., on the streets and alleys of said town. It did not regulate, or attempt to regulate, the whole subject of lighting said town, but only granted appellees the right to use the streets and other public places for that purpose, and the town was free to license rival companies at any time. *Crowder* v. *Town of Sullivan,* 128 Ind. 486, 489-491, 13 L. R. A. 647. It is settled that the power of municipal corporations to contract for lighting the streets and alleys is not a legislative power, but purely a business power, and is discretionary. *Seward* v. *Town of Liberty,* 142 Ind. 551, 552, 553, and cases cited; *City of Indianapolis* v. *Indianapolis, etc., Co.,* 66 Ind. 396; *City of Indianapolis* v. *Consumers, etc., Co.,* 140 Ind. 107, 116, 117, 27 L. R. A. 514, 49 Am. St. 183; *City of Logansport* v. *Dykeman,* 116 Ind. 15, 16; *Over* v. *City of Greenfield,* 107 Ind. 231. There being no statute requiring such contracts to be by formal ordinance or resolution, they need not be executed in that manner, and are valid, although there is no ordinance on that subject. *City of Logansport* v. *Dykeman, supra,* pp. 18-21. Under such circumstances, even if said contract were made in the form of an ordinance, being the exercise of a purely business and not legislative power, the same would be effective, without an emergency clause, although not published. Clause sixteen of §4357, *supra,* does not apply to such an ordinance.

Finding no error in the record, the judgment is affirmed.