## MEYER ET AL. v. TOWN OF BOONVILLE ET AL.

[No. 20,173.   Filed February 17, 1904.]

MUNICIPAL CORPORATIONS. — *Ordinance Granting Lighting Franchise.* — *Statutes in Pari Materia.*—The emergency provision of subdivision 16 of §4357 Burns 1901, providing that a board of town trustees shall have power to make such ordinances as may be necessary to carry into effect the provisions of the act, but that every ordinance except "in case of emergency" shall be published in a newspaper, or notice thereof posted, at least ten days before it shall take effect has no application to an ordinance granting a franchise for the establishing of a lighting plant, where the ordinance granting the lighting franchise was passed after the taking effect of the act of March 2, 1899 (Acts 1899, p. 216), section one of which act provides that no ordinance for the purpose of establishing a lighting plant shall go into effect until thirty days after its passage, nor until voted for at the polls, if within thirty days after its passage a referendum is demanded by forty per cent. of the legal voters of the municipality, since the two acts are *in pari materia,* and must be construed together. *pp. 168–170.*

SAME.— *Ordinance Granting Lighting Franchise.— Notice.—Publication.*— The act of 1899 (Acts 1899, p. 216), authorizing boards of town trustees to grant lighting franchises, in no way dispenses with notice by publication or posting as required by subdivision 16 of §4357 Burns 1901. *p. 170.*

SAME.— *Invalidity of Lighting Franchise.—Failure to Make Publication.*— Where a town ordinance granting a lighting franchise is invalid because of the failure of the town board to give notice at the time such ordinance was passed, the invalidity carries with it a provision requiring the town to take and pay for a certain number of street lights. *p. 171.*

SAME.—*Invalidity of Ordinance.—Failure to Make Publication.—Franchise on Condition of Acceptance.*—Publication required by subdivision 16 of §4357

Burns 1901 is not dispensed with by a provision in an ordinance grant-
ing to a corporation lighting and heating franchises that an emergency
exists and that it shall be in force "only when a written acceptance of
the same is filed with the clerk of the town." *p. 172.*

INJUNCTION.—*By Taxpayers to Prevent Exercise of Rights Under Invalid
Municipal Ordinance.*—Resident taxpayers of a municipal corporation
may maintain a suit to enjoin the carrying out of an invalid ordinance,
although it is apparent that such taxpayers' interest and injuries com-
plained of were not different in kind from that of the public in general
within the corporate limits of the municipality. *p. 173.*

SAME. — *When may be Maintained though there is Remedy at Law.*—It is
not enough to defeat injunction that there is a remedy at law. It
must be as practical and efficient to the ends of justice and its prompt
administration as the remedy in equity. *p. 174.*

From Warrick Circuit Court; *E. M. Swan,* Judge.

Action by Louis J. Meyer and others against the town
of Boonville and others. From a judgment for defend-
ants, plaintiffs appeal. *Reversed.*

*Alexander Gilchrist, C. A. DeBruler* and *J. D. Wellman,*
for appellants.

*Edward Gough* and *L. A. Folsom,* for appellees.

MONKS, J.—Appellants, who are resident taxpayers of
the town of Boonville, brought this action against said town,
the members of the board of trustees of said town, and
the Boonville Electric Light & Power Company, to set
aside two ordinances and the contract for lighting the
streets of said town contained in one of said ordinances,
and to restrain the carrying out of said ordinances and the
exercise of any rights thereunder. The separate demurrer
for want of facts of each defendant was sustained to the
complaint, and, appellants refusing to plead further, judg-
ment was rendered in favor of appellees. Each of said
rulings is assigned for error.

The following facts, among others, are alleged in the
complaint and admitted by the demurrers: In January,
1901, the board of trustees of the town of Boonville adopted
two ordinances, by one of which a franchise for fifty years
was granted to the Boonville Electric Light & Power Com-

pany, a domestic corporation, to use the streets, alleys, and public grounds of said town for the purpose of laying, maintaining, and operating mains, pipes, and conduits therein, and supplying "heat, power, light, refrigeration, and allied purposes" to said town and the inhabitants thereof; "said heat to consist of steam, gas, water, or any other mode of heating said company may see fit to use." The other ordinance granted the same corporation a franchise for ten years for using the streets, alleys, and public grounds of said town for the purpose of erecting thereon poles, posts, wires, or other necessary appliances "for the purpose of furnishing electric or other kinds of light, and necessary for the purpose of furnishing said town and its inhabitants with such light." By section five of the last-named ordinance the town of Boonville agreed to take a certain number of street lights for five years at a fixed price per annum, to be paid quarterly, with the right to take the same or an increased number of lights at the same price for an additional period of five years. Each ordinance declared that "whereas an emergency exists for the immediate taking effect of this ordinance, the same shall be in force whenever a written acceptance shall be filed with the clerk of said town by said company." The officers of the Boonville Electric Light & Power Company were present when said ordinances were passed, and immediately thereafter, in the presence of the board of trustees of said town, made and filed a written acceptance of the provisions of each of said ordinances. No publication or posting of either of said ordinances was ever made.

The granting by the board of trustees of a town or the common council of a city of a franchise to use the streets, alleys, and public places therein to erect poles and posts and to suspend wires thereon to furnish electric light to such town or city and its inhabitants, or to lay "pipes, mains, and conduits" to furnish gas, water, light, or heat to such town or city and the inhabitants thereof, is the

exercise of a legislative power. *Eichels* v. *Evansville St. R. Co.,* 78 Ind. 261, 263, 41 Am. Rep. 561; *Wood* v. *Mears,* 12 Ind. 515, 521, 74 Am. Dec. 222; *Indianapolis, etc., R. Co.* v. *State, ex rel.,* 37 Ind. 489, 496, 497; *Citizens Gas, etc., Co.* v. *Town of Elwood,* 114 Ind. 332; *Grand Rapids, etc., Power Co.* v. *Grand Rapids, etc., Gas Co.,* 33 Fed. 659, 669; *Des Moines Gas Co.* v. *City of Des Moines,* 44 Iowa 505, 24 Am. Rep. 756; Elliott, Roads & Sts. (2d ed.), §§450, 455; Smith, Mun. Corp., §1309; Dillon, Mun. Corp. (4th ed.), §§683, 691, 697, 698. But when the town or city enters into a contract with a second party, having such franchise, to light its streets and public grounds and buildings, or to heat its public buildings and offices by steam, hot water, or otherwise, or to furnish gas for that purpose, it exercises a business and not a legislative power. *Town of Gosport* v. *Pritchard,* 156 Ind. 400, 406, and cases cited.

In 1899 the General Assembly passed an act entitled "An act vesting a right in the voters of any incorporated town in the State of Indiana, to, by a petition, refer any ordinance, agreement, contract, or measure enacted or proposed by the board of trustees of any incorporated town of this State to a vote of the voters of such town, and to reject the same by ballot," etc. Acts 1899, p. 216. The first section of said act (§4443r Burns 1901) provides "that no ordinance for the purchase or establishment of any water-works or lighting plant, or the granting of any franchise for the establishment or operation of any water-works, lighting plant, street railroad, telephone or telegraph company in any incorporated town in this State shall go into effect until thirty days after its passage, nor until voted upon at the polls, if within the said thirty days a referendum is demanded by forty per cent. of the legal voters of such incorporated town, as shown by the last preceding election." The other sections of the act make provision for the filing of said petition, its form, and the

holding of an election. It is also provided that such ordinances shall not go into effect unless approved by a majority of the votes cast for and against the same.

Appellants insist that the ordinances in question come within the provisions of said act of 1899, and could not take effect until after the publication thereof, as required by the sixteenth subdivision of §4357 Burns 1901, Acts 1879, p. 201; that by the express terms of said act of 1899, *supra,* all agreements, contracts, and measures for any of the purposes mentioned in said act of 1899 must be by an órdinance, which can not take effect until thirty days after its passage, and that, therefore, the emergency clause of said sixteenth subdivision could have no application thereto. The part of §4357, *supra,* mentioned, reads as follows: "The board of trustees shall have the following powers: * * * Sixteenth. To make and establish such by-laws, ordinances, and regulations, not repugnant to the laws of this State, as may be necessary to carry into effect the provisions of this act, and to repeal, alter, or amend the same as they shall seem to require, but every by-law, ordinance or regulation, unless in a case of emergency, shall be published in a newspaper in such town, if one be printed therein, or posted in five public places, at least ten days before the same shall take effect."

Whatever may have been the manner in which incorporated towns were required to contract for the purchase or establishment of water-works or lighting plants, or to grant a franchise for the establishment or operation of any water-works, lighting plant, street railroad, telephone or telegraph line, before the taking effect of said act of 1899 (Acts 1899, p. 216, §§4443r-4443b1 Burns 1901), it is evident that since it took effect the same can only be done by an ordinance. It is clear, therefore, that the legislature intended that all the rules, regulations, and requirements in regard to the enactment and taking effect of ordinances should apply to such an ordinance, unless otherwise pro-

vided in said act of 1899. Said sixteenth subdivision of §4357, *supra,* and section one of said act of 1899 (§4443r, *supra*) are *in pari materia,* and must be construed together. *State* v. *Gerhardt,* 145 Ind. 439, 460, 461, and authorities cited; *Shea* v. *City of Muncie,* 148 Ind. 14, 21, and cases cited; Black, Interp. of Laws, 206. As section one of said act of 1899 provides in express terms that such ordinance shall not "go into effect until thirty days after its passage," it is evident that the provision of the sixteenth subdivision of §4357, *supra,* in regard to ordinances taking effect "in case of emergency" without publication, can have no application to ordinances coming within said act of 1899, *supra.* There is no provision, however, of said act of 1899 which in any way dispenses with or prevents the publication of the ordinances covered thereby, as required by said sixteenth subdivision of §4357, *supra.*

To hold that said provision for publication in §4357, *supra,* was dispensed with would in many cases defeat the very purpose for which said act of 1899 was enacted— that of referendum. Publication would advise the voters of the town of such ordinances, and give them an opportunity to obtain the benefit of said act; but, if no publication were made, they would in many, if not all, cases, have no knowledge of such ordinances until the thirty days within which a petition for referendum could be presented had expired. Construing said §4443r, *supra,* and said sixteenth subdivision of §4357, *supra,* together, as we are required to do *(Shea* v. *City of Muncie, supra),* it is clear that an ordinance, coming within said act of 1899, can only go into effect thirty days after its passage, when publication thereof has been made as required by said sixteenth subdivision of §4357, *supra,* not less than ten days before the expiration of said thirty days. It is, therefore, the duty of the board of trustees, at once upon the passage of any ordinances coming within the provisions of said

§4443r, *supra,* to make publication thereof as required by said sixteenth subdivision of §4357, *supra.*

What was said in *Town of Gosport* v. *Pritchard,* 156 Ind. 400, 406, cited by appellees, in regard to "an emergency clause" and "publication" being unnecessary, had reference only to contracts made by a town in the exercise of its purely business powers, and not to the exercise of its legislative powers. The contract to light the streets of the town, sued upon in that case, was made in 1897, long before said act of 1899 took effect. It will be observed that said act of 1899 (§§4443r-4443b1, *supra),* involved in this case, requires that contracts for the purchase or establishment of water-works or a lighting plant shall be by ordinance, which we have held in this opinion can not take effect unless publication thereof is made as required by §4357, *supra.* To this extent the law declared in *Town of Gosport* v. *Pritchard, supra,* as to the contracts of a town in the exercise of its purely business power, was changed by said act of 1899.

Appellees insist that even if the ordinance granting the franchise for ten years to use the streets, alleys, and public places in the town, to erect poles, posts, etc., to furnish electric light to the town and its inhabitants, is void, the section thereof containing the contract of the town to take and pay for a certain number of street lights is not within the provisions of the act of 1899, and is therefore valid without a declaration of emergency or publication, being the exercise of a purely business power. The rule is that if a part of a statute or ordinance is void, other essential and connected parts are also void, but when that part which is void is clearly independent, and not essentially connected with the remainder, the latter will stand. *Griffin* v. *State, ex rel.,* 119 Ind. 520, 522 *et seq.;* Dillon, Mun. Corp. (4th ed.), §421; Smith, Mun. Corp., §542; Beach, Pub. Corp., §518. And when an agreement is invalid in

part only, the part which is good may be enforced if it can be separated from the part which is bad, but if not capable of separation the whole agreement is invalid, and can not be enforced.   Clark, Contracts, 470-475; *Hinds* v. *Hays,* 25 Ind. 31; *Consumers Oil Co.* v. *Nunnemaker,* 142 Ind. 560, 568, 51 Am. St. 193; *Gas Light, etc., Co.* v. *City of New Albany,* 156 Ind. 406, 413, 414.   The part of the ordinance containing the contract for lighting the streets of said town is not independent of, but is dependent on, the other parts thereof, and is inseparably connected therewith.   Said contract depends entirely upon the provisions of the ordinance granting the franchise, and the fall of the latter carries with it the former.

Appellees contend that even if the ordinance for fifty years, so far as it grants a franchise for the operation of a lighting plant, is void, because the same is within the provisions of the act of 1899, *supra,* yet, as the part of said ordinance which grants a franchise for supplying "heat, power, refrigeration, and allied purposes" is not covered by said act of 1899, it took effect on the emergency declared, without publication.   The power given the board of trustees by said sixteenth subdivision of §4357, *supra,* "in case of emergency" was to provide that the ordinance should take effect on its passage, or at some time fixed and certain, before publication could be had, and not that it should take effect on a contingency or event that might or might not occur.   The declaration of emergency for the immediate taking effect of said ordinances is inconsistent with the provision that the same take effect on the happening of an uncertain event, for such an ordinance may never go into force.   It is clear, therefore, that the declaration of an emergency for the immediate taking effect of each of said ordinances contained therein, followed by a provision that it shall be in force only when a written acceptance of the same is filed with the clerk of the town —an act which may never be performed—is not sufficient

to dispense with the publication required by said sixteenth subdivision of §4357, *supra*. As no publication was made of said ordinances as required by law, it follows that they are not in force.

It is next insisted that appellants cannot maintain injunction because the alleged grievances do not affect them "peculiarly and in some manner different from the general public," citing *Dwenger* v. *Chicago, etc., R. Co.,* 98 Ind. 153; *Cummins* v. *City of Seymour,* 79 Ind. 491, 41 Am. Rep. 618; *McCowen* v. *Whiteside,* 31 Ind. 235. It is true that in an action by a private person to enjoin a public nuisance the complaint must allege facts showing that he has sustained a special injury different in kind from that sustained by the general public. *Martin* v. *Marks,* 154 Ind. 549, 553-557, and cases cited. This principle, however, which obtains as to public nuisances, does not apply in this State to actions brought by a resident taxpayer of a municipal corporation to enjoin an illegal or wrongful act, or, if consummated, to have relief against it. In such cases it has been uniformly held that one or more resident taxpayers may maintain such actions upon a mere allegation that they were resident taxpayers of such municipal corporation, when it was apparent that their interest and the injury complained of were not different in kind from that of the public in general within such corporate limits, but were the same. *City of Valparaiso* v. *Gardner,* 97 Ind. 1, 3, 49 Am. Rep. 416; *Harney* v. *Indianapolis, etc., R. Co.,* 32 Ind. 244, 247, 248, and cases cited; *Sackett* v. *City of New Albany,* 88 Ind. 473, 480, 45 Am. Rep. 467, and cases cited; *City of Madison* v. *Smith,* 83 Ind. 502, 515; *Noble* v. *City of Vincennes,* 42 Ind. 125; *Myers* v. *City of Jeffersonville,* 145 Ind. 431; *Board, etc.,* v. *Templeton,* 51 Ind. 266; *Rothrock* v. *Carr,* 55 Ind. 334; *Warren County, etc., Co.* v. *Barr,* 55 Ind. 30; *Board, etc.,* v. *Gillies,* 138 Ind. 667, 672, 673, and cases cited; *Adams* v. *City of Shelbyville,* 154 Ind. 467, 495, 49 L. R. A.

797, 77 Am. St. 484; *Brashear* v. *City of Madison,* 142 Ind. 685, 33 L. R. A. 474; *Wilcoxon* v. *City of Bluffton,* 153 Ind. 267; *Campbell* v. *City of Indianapolis,* 155 Ind. 186; *Hurd* v. *Walters,* 48 Ind. 148, 150, and authorities cited; *State, ex rel.,* v. *Casper,* 160 Ind. 490; *Scott* v. *City of Laporte, ante,* 34; *Kimble* v. *Board, etc.,* 32 Ind. App. 377. See, also, Dillon, Mun. Corp. (4th ed.), §§908, 909, 914-919, 921, 922; High, Injunctions (3d ed.), §1236; *City of New London* v. *Brainard,* 22 Conn. 552; *Scofield* v. *Eighth School Dist.,* 27 Conn. 499, 504.

It is not enough to defeat injunction that there is a remedy at law. It must be as plain, complete, and adequate—or, in other words, as practical and efficient to the ends of justice and its prompt administration—as the remedy in equity. *Xenia Real Estate Co.* v. *Macy,* 147 Ind. 568, 572, 573; *Sackett* v. *City of New Albany, supra.*

Other questions are argued in the briefs, but the view we have taken of the case renders their determination unnecessary.

Judgment reversed, with instructions to overrule each of the demurrers to the complaint, and for further proceedings not inconsistent with this opinion.