VERA TEPERICH *v.* NORTH JUDSON-SAN PIERRE
HIGH SCHOOL BUILDING CORP.

[No. 871S232. Filed December 8, 1971. Rehearing denied February 2,
1972. Certiorari to U.S. Supreme Court denied June 19, 1972.]

*Duane W. Hartman, Blachly, Tabor & Bozik,* of Valparaiso, for appellant.

*Orville W. Nichols, Jr., Nichols & Nichols,* of Knox, *Harry T. Ice, David N. Brewer, Robert D. Risch, George B. Gavit, Robert D. McCord, Ice Miller Donadio & Ryan,* of Indianapolis Amicus Curiae, for appellees.

HUNTER, J.—This is an appeal from an interlocutory order of the Starke Circuit Court pursuant to IC 1971, 34-4-17-5, (Ind. Ann. Stat. § 3-3305 [1968 Repl.]), ordering appellant, Vera Teperich, to post a two hundred thousand dollar ($200,-000) bond or have her suit dismissed.

On August 16, 1971, appellant filed a complaint against the North Judson-San Pierre High School Building Corporation and others, seeking to enjoin them from operating under the terms of a lease agreement dated March 22, 1971, and to prevent them from selling the bonds necessary to finance the construction of a proposed school building. On August 17, 1971, the appellees waived service of summons and appeared and answered the complaint. At that time, appellees filed a petition to have this cause declared a public lawsuit as defined by IC 1971, 34-4-17-1, (Ind. Ann. Stat. § 3-3301 [1968 Repl.]). Appellees also petitioned for an order of the court requiring that the cause be dismissed unless the appellant posts bond.

Upon the court's determination that the cause constituted a public lawsuit, appellant promptly filed a Motion for Change of Venue from the Judge. The parties stipulated, and this Court appointed, the Honorable James J. Richards as Special

On November 15 the Chief Justice signed an order advancing this cause on the docket for consideration and disposition. November 23, 1971, the case was assigned to this office. Opinion on this case was distributed to the Court on December 2nd.

Judge.   August 20, 1971, after a hearing on appellees' Petition to Dismiss or Post Bond, the order issued from which the appellant has appealed.

The following allegations of error have been presented to this Court on appeal:

1. The Court erred in determining that this is a public lawsuit and ordering a bond to be posted or the cause dismissed.
2. The Court erred, assuming arguendo, that this is a public lawsuit, in not making specific findings of fact.
3 . The Court erred, assuming argundo, that this is a public lawsuit, in not finding that the amended rental payments to the two holding corporations are debts and as debts exceed the two percent limitation of Article 13, Section 1 of the Constitution of the State of Indiana.

Appellant contends that the Indiana Rules of Procedure have abolished the procedure governing public lawsuits set forth in IC 1971, 34-3-17-5, (Ind. Ann. Stat. § 3-3305 [1968 Repl.]), which reads as follows:

"At any time prior to the final hearing in a public lawsuit, the defendant may petition for an order of the court that the cause be dismissed unless the plaintiff shall post a bond with surety to be approved by the court payable to defendant for the payment of all damages and costs which may accrue by reason of the filing of the lawsuit in the event that the defendant prevails. A hearing shall be had on such petition in the same manner as the hearing on temporary injunctions under Acts 1881 (Spec. Sess.) c. 38. If at the hearing the court determines that the plaintiff can not establish facts which would entitle him to a temporary injunction, the court shall set the amount of bond to be filed by the plaintiff in an amount found by the judge to cover all damage and costs which may accrue to the defendants by reason of the pendency of the public lawsuit in the event the defendant prevails. In the event such bond is not filed by the plaintiff with sureties approved by the court within ten [10] days after such order is entered the suit shall be dismissed. Either plaintiff or defendant may appeal such order to the Indiana Supreme Court within such ten [10] day period by notice of appeal and a statement of error in the same manner as is provided in a petition for

mandate or prohibition. The Supreme Court may stay the lower court order pending its own decision, may set a bond to be filed by the plaintiff in connection therewith, may modify the order of the lower court, or may enter its order as a final order in a case. In the event no bond is filed as provided in this section the public lawsuit shall be dismissed and no court shall have further jurisdiction of the public lawsuit or any other public lawsuit involving any issue which was or could have been raised therein."

Appellant relies primarily on TR. 1 of the Indiana Rules of Procedure to suport her contention that the procedure prescribed by IC 1971, 34-4-17-5, (Ind. Ann. Stat. § 3-3305 [1968 Repl.]), no longer controls. TR. 1 provides:

"Except as otherwise provided, these rules govern the procedure and practice in all courts of the state of Indiana in all suits of a civil nature whether cognizable as cases at law, in equity, or of statutory origin. They shall be construed to secure the just, speedy and inexpensive determination of every action."

Appellant has overlooked, however, TR. 65 (E), relating to injunctions, which reads, in part, as follows:

"Nothing in this rule shall affect provisions of statutes extending or limiting the power of a court to grant injunctoins. *By way of example* and not by way of limitation, *this rule shall not affect the provisions of 1967 Indiana Acts, ch. 357, §§ 1-8* [Burns' Stat., §§ 3-3301—3-3308 (Repl. 1968)] relating to public lawsuits. . . ." [our emphasis]

Therefore, the trial court did not err in proceeding with the interlocutory hearing as provided by IC 1971, 34-4-17-5, (Ind. Ann. Stat. § 3-3305 [1968 Repl.]), as this action clearly falls within the definition of a public lawsuit as defined by IC 1971, 34-4-17-1, (Ind. Ann. Stat. § 3-3301 [1968 Repl.]).

Appellant next argues that the trial court erred in not making specific findings of fact as required by TR. 52(A). With this contention we agree.

IC 1971, 34-4-17-5, (Ind. Ann. Stat. § 3-3305 [1968 Repl.]), provides that the plaintiff, at the interlocutory hearing, must establish facts sufficient to entitle him to a temporary injunction. TR. 52(A) provides that the court *shall make special findings of fact without request in granting or refusing preliminary injunctions.* It follows, therefore, that the trial court should have made special findings of fact before ordering the cause dismissed or bond posted. See, *Johnson* v. *Tipton Community School Corporation* (1970), 253 Ind. 460, 467, 55 N. E. 2d 92, 96 (Dictum).

However, we fail to see how this error was harmful or prejudicial to appellant. The facts in this case are relatively simple and are not in dispute. Thus it cannot be seriously contended that appellant has been uninformed as to what facts were determined or that she has been prejudiced by not being able to adequately prepare this appeal.

The next question is whether plaintiff established facts sufficient to entitle her to a temporary injunction. If such facts were not established then it was correct for the judge to require the posting of a bond. No question is raised as to the amount of the bond required.

It is clear that, according to the law in Indiana, facts were not sufficiently established and the judgment of the trial court must be affirmed. Plaintiff questions the validity of a lease agreement entered into by the North Judson-San Pierre School Corporation contending the annual lease payment is a "debt" of the Corporation and when added to the other debt obligations of the Corporation exceeds the limitation on debt of two percent (2%) of the taxable property of the school corporation in violation of Article XIII, Section 1 of the Contistution of the State of Indiana. Art. XIII, § 1 reads:

"No political or municipal corporation in this State shall ever become indebted in any maner or for any purpose to an amount in the aggregate exceeding two per centum on the value of the taxable property within such corporation, to be ascertained by the last assessment for State and county taxes; previous to the incurring of such indebtedness; and

all bonds or obligations, in excess of such amount, given by such corporations, shall be void: Provided, That in time of war, foreign invasion, or other great public calamity, on petition of a majority of the property owners, in number and value, within the limits of such corporation, the public authorities, in their discretion, may incur obligations necessary for the public protection and defense, to such an amount as may be requested in such petition."

Without regard to the amount of the rental payments, they cannot be considered debt until the payments become due. If they are paid out of the funds available at that time then no debt liability arises. It is clearly the rule in this State that municipal corporations may contract for services over a period of years and agree to pay for such services in periodic installments as the service is furnished. Where such service is paid for only upon the furnishing of that service no debt is incurred when the payments are made from current revenues. *Town of Gosport* v. *Pritchard* (1901), 156 Ind. 400, 59 N. E. 1058; *Board of Commissioners* v. *Gardner* (1901), 155 Ind. 165, 57 N. E. 908; *City of Laporte* v. *Gamewell Fire Alarm Telegraph Co.* (1896), 146 Ind. 466, 45 N. E. 588; *Seward* v. *Town of Liberty* (1895), 142 Ind. 551, 42 N. E. 39; *Foland* v. *Town of Frankton* (1895), 142 Ind. 546, 41 N. E. 1031; *Crowder* v. *Town of Sullivan* (1891), 128 Ind. 486, 28 N. E. 94; *City of Valparaiso* v. *Gardner* (1884), 97 Ind. 1. Rental of school facilities is of the same nature. The contract covers an extended period of time and the service (providing school facilities) is paid for as received. The lease contains an abatement of rent clause which states that if the premises are destroyed in whole or in part such as to render them unfit for use in whole or in part, the rent will be abated in proportion to the percentage of the area which is unfit. Thus, even though the rent is paid in advance, if the services are not received for any time during that period, the school corporation will receive a refund and will not be required to make any future rental payments so long as the premises cannot be used. Debt is not incurred until services

are earned. *City of South Bend* v. *Reynolds* (1900), 155 Ind. 70, 57 N. E. 706. Thus, as long as the rental payments are made in advance out of current revenues, no debt would be incurred. If at any time the service of providing school facilities is not so provided the school corporation is under no obligation to pay. On the other hand, if the school facilities were financed through a school corporation bond issue the school corporation would be obligated to pay regardless of the fact that the facilities could no longer be utilized. It was stated in *City of South Bend* v. *Reynolds, supra:*

> "It is settled in this State that if a city contracts for water, light, or other things which pertain to its ordinary and necessary expenses, and agrees to pay for the same annually or monthly as furnished, such contract does not create an indebtednes for the agregate sum of all the annual or monthly payments, because the debt for each year or month does not come into existence until it is earned." 155 Ind. at 72, 57 N. E. at 707.

The Court goes on to say:

> "It is evident that rent for suitable offices, for the officers of a city, is as much an ordinary and necessary expense as the expense for water and light . . . and that when the city agrees to pay the rent for said offices annually or monthly, the contract does not create an indebtedness for the amount of all the annual or monthly payments. While the rent for suitable offices for city officers is an ordinary and necessary expense, the erection of a city hall, or a building for the use of the city officers, is not in any sense an ordinary and necessary expense, but is an extraordinary one. . . . There is a clear and plain distinction between a contract for the use rooms or a building for city purposes and the erection by the city of a building to be used for such purposes. The one is an ordinary and necessary expense, while the other involves municipal ownership of the building or rooms, the means of furnishing the offices, and is an extraordinary expense." 155 Ind. at 73, 57 N. E. at 707-708.

It is self-evident that rental of facilities to furnish space for education is an ordinary expense for a school corporation.

■ If paid from revenues currently available it is not a "debt" within the meaning of the Constitution, but is merely an ordinary expense.

This Court held in *Book* v. *State Office Building Commission* (1958), 238 Ind. 120, 149 N. E. 2d 273, that no part of the lease rental payments constituted debt for the current year; that the departments of the state could lease space in the state office building without incurring debt in violation of Art. X, § 5 of the Indiana Constitution which provides:

"No law shall authorize any debts to be contracted, on behalf of the State, . . ."

There is language contained in *Book* v. *Indianapolis-Marion Building Authority* (1955), 234 Ind. 250, 258, 126 N. E. 2d 5, 9, indicating that an annual rental payment would be debt but this statement was dicta framed in terms of a hypothetical example. We do not feel this language is controlling, especially in light of the other case law in this State which, as indicated above, is contrary to this language.

Clearly rent-lease payments cannot be considered debt until earned, and if the payments are made in advance out of presently available revenues no debt liability is in-
■ curred. The North Judson-San Pierre School Corporation must only make payments so long as the facilities are in fact available for the use to which they were intended. It is therefore no different than contracting for any other service for a period of years payable in periodic installments, and, as long as funds are available to make the payments out of current revenues, such contracts have overwhelmingly been held to be valid and not violative of Art. XIII, § 1 of the Indiana Constitution. See, *Town of Gosport* v. *Pritchard, supra; Board of Commissionres* v. *Gardner, supra; City of Laporte* v. *Gamewell Fire Alarm Telegraph Co., supra; Seward* v. *Town of Liberty, supra; Foland* v. *Town of Frankton, supra; Crowder* v. *Town of Sullivan, supra; City of Val-*

*pariso* v. *Gardner, supra; City of South Bend* v. *Reynolds, supra.* There was no showing at the hearing that the School Corporation would have not had sufficient funds on hand to make the payments as they arose and therefore the Judge was correct in holding that the plaintiff failed to establish sufficient facts to entitle her to a temporary injunction and in requiring plaintiff to post bond as provided in the statute.

For all the foregoing reasons, the judgment of the trial court granting appellees' petition and setting appellant's bond at two hundred thousand dollars ($200,000) is affirmed.

Judgment affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 275 N. E. 2d 814.