**William E. WICKER,**
**Respondent–Appellant,**

v.

**INDIANA REFORMATORY, Edward L. Cohn, Indiana Department of Correction and Gordon H. Faulkner, Petitioners–Appellees,**

**and**

**Indiana State Employees' Appeals Commission, Appellee.**

**No. 41A01–8801–CV–00019.**

Court of Appeals of Indiana,
First District.

July 20, 1988.

Rehearing Denied Sept. 19, 1988.

---

Dean E. Richards, Indianapolis, for respondent-appellant.

Linley E. Pearson, Atty. Gen., David A. Arthur, Deputy Atty. Gen., Indianapolis, for petitioners-appellees.

NEAL, Judge.

## STATEMENT OF THE CASE

Respondent-appellant, William E. Wicker (Wicker), appeals the Johnson Circuit Court's judgment in favor of petitioner-appellees, Indiana Reformatory, Edward L. Cohn, Indiana Department of Correction, and Gordon H. Faulkner, reversing an Indiana Employees' Appeals Commission decision ordering that Wicker be reinstated and receive all back pay and benefits.

We affirm.

## STATEMENT OF THE FACTS

On March 11, 1986, Wicker, while on duty as a correctional lieutenant at the Indiana Reformatory in Pendleton, Indiana, was called into the office of then superintendent Edward L. Cohn (Cohn). Cohn read to Wicker a previously prepared letter informing Wicker of his suspension from employment, pending dismissal, and then asked Wicker what he thought of the action. Wicker indicated to Cohn that he disagreed with the action. Cohn gave him the letter and then Wicker left the office. The letter, omitting heading and signature, is as follows, to-wit:

> Please let this letter serve as notification that effective immediately you are suspended from duty for ten (10) days without pay pending your dismissal, which will be effective March 21, 1986.
>
> On February 1, 1985, you were in charge of the morning shakedown of the Maximum Restraint Unit. During that shakedown offender Lincoln Love was forcibly removed from his cell. A correctional officer has stated that prior to the removal of Love you encouraged him to use unnecessary force. Two other correctional officers have stated that they witnessed you striking Love with a club after he had been restrained. Three other staff have stated that you had a club

at that time. Three staff members have stated that you boasted about beating Love since the incident. There is also some indication that you have encouraged staff to be less than candid with the administration in their statements about the incident.

Such actions cannot and will not be tolerated from a correctional officer. When supervisory staff participates, it is inexcusable.

EMPLOYEE COMPLAINT FORM

STATE OF INDIANA

Be advised that as a merit employee you have the right to appeal the decision to terminate your employment. Pursuant to IC 4–15–2–35 you have ten (10) days to begin the appeal process.

Thereafter, on March 13, 1986, Wicker responded to the charges by presenting to the appointing authority the following document:

EMPLOYEE NAME William E. Wicker
(Please Print)

AGENCY ___ Indiana Reformatory ___

STEP I: Date Step I discussion with immediate Supervisor took place: _____
The oral answer of the immediate Supervisor must be given within two (2) consecutive working days from the date of the discussion.

STEP II: Statement of Complaint: On 3–11–86 I was suspended from duty without pay for (10) ten days pending dismissal, which will be effective on 3–21–86. This dismissal and suspension was per attached letter, and was without cause. I seek reinstatement to duty, rank, and assignment, and full pay for all lost time.

/s/ William E. Wicker 3/12/86

Employee's signature Date

This document was reviewed by the appointing authority on March 17, 1986, after which the original decision was affirmed. The complaint was then presented to the state personnel director who, on April 8, 1986, denied it and affirmed the original dismissal. By his attorney, Wicker, on April 21, 1986, filed his appeal with the State Employees' Appeals Commission (the Commission). The Commission conducted a full evidentiary hearing on November 5, 1986, in which Wicker participated with his attorney, Dean E. Richards.

Subsequently, the Commission issued its findings of fact, conclusion of law, and order. The Commission concluded that the March 11, 1986 meeting did not constitute an adequate predeprivation hearing and consequently Wicker's dismissal was improper. The Commission ordered reinstatement, back pay and other compensation. Thereafter on December 1, 1986, the Indiana Reformatory, Cohn, and other appellees petitioned the trial court for judicial review. The trial court reversed the Commission's decision and remanded the matter to the Commission for further proceedings consistent with the court's findings. Wicker appeals this decision.

ISSUES

Wicker presents two issues on appeal, which, restated, are:

I. Whether the trial court abused its discretion in reversing the ruling of the Indiana Employees' Appeals Commission.

II. Whether the trial court issued proper and sufficient findings of fact.

DISCUSSION AND DECISION

I. *Judicial Review*

■ It is well established that the orders of administrative agencies may be reviewed to determine whether the agency's decision comports with applicable law. *Dale Bland Trucking, Inc. v. Calcar Quarries, Inc.* (1981), Ind.App., 417 N.E.2d 1157; *Indiana Department of Public Welfare v. Anderson* (1976), 171 Ind.App. 375, 357 N.E.2d 267.

■ When the State Employees' Appeals Commission considered Wicker's appeal its actions were governed by IND.CODE 4–15–1.5. Section 6 of that provision then stated in pertinent part that the Commission's "hearings shall be conducted in ac-

cordance with IC 4-22-1, the administrative adjudication law." Therefore, we are guided by the following standard set out in that provision as applied to the review conducted below:

On such judicial review such court shall not try to determine said cause de novo, but the facts shall be considered and determined exclusively upon the record filed with said court pursuant to this act.

On such judicial review if the agency has complied with the procedural requirements of this act, and its finding, decision or determination is supported by substantial, reliable and probative evidence, such agency's finding, decision or determination shall not be set aside or disturbed.

If such court finds such finding, decision or determination of such agency is:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; or

(2) Contrary to constitutional right, power, privilege or immunity; or

(3) In excess of statutory jurisdiction, authority or limitations, or short of statutory right; or

(4) Without observance of procedure required by law; or

(5) Unsupported by substantial evidence, the court may order the decision or determination of the agency set aside. The court may remand the case to the agency for further proceedings and may compel agency action unlawfully withheld or unreasonably delayed.

IND.CODE 4-22-1-18. Our concern in this case is whether the trial court abused its review authority in reversing the Commission's decision.

The Commission concluded in its decision that the March 11, 1986, meeting between Wicker and Cohn did not constitute an adequate predeprivation hearing under *Cleveland Board of Education v. Loudermill* (1985), 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 and therefore Wicker's dismissal was improper.

IND.CODE 4-15-2-34 provides as follows:

An appointing authority or his designee may dismiss for cause any regular employee in his division of the service. No dismissal of a regular employee shall take effect, unless, at least ten (10) days before the effective date of the dismissal, the appointing authority or his designee gives to the employee a written statement of the reasons for the dismissal and files a copy of the statement with the director. The employee shall have an opportunity to file with the appointing authority a written statement regarding the proposed dismissal, a copy of which shall be filed with the director. A regular employee who is dismissed shall have the right to appeal under section 35 of this chapter.

IND.CODE 4-15-2-35, referred to in section 34, states:

Any regular employee may file a complaint if his status of employment is involuntarily changed or if he deems conditions of employment to be unsatisfactory. The following complaint procedure shall be followed:

Step I: The complaint shall be discussed by the employee and his immediate supervisor and, if a mutually satisfactory settlement has not been made within two (2) consecutive working days, such complaint shall be referred to Step II.

Step II: The complaint shall be reduced to writing and presented to the intermediate supervisor. If a mutually satisfactory settlement has not been reached within four (4) consecutive working days, such complaint shall then be referred to the Appointing Authority.

Step III: The Appointing Authority or his designated representative shall hold such hearings and conduct such investigations as he deems necessary to render a decision and shall make such decision in writing within ten (10) consecutive working days.

Should the appointing authority or his designated representative not find in favor of the employee, the complaint may be submitted within fifteen (15) calendar days to the state personnel director. The

director or his designee shall review the complaint and render a decision within fifteen (15) calendar days. If the decision is not agreeable to the employee, an appeal may be submitted by the employee in writing to the commission no later than fifteen (15) calendar days from the date the employee has been given notice of the action taken by the personnel director or his designee. After submission of the appeal, the commission shall, prior to rendering its decision, grant the appealing employee and the appointing authority a public hearing, with the right to be represented and to present evidence. With respect to all appeals, the commission shall render its decision within thirty (30) days after the date of the hearing on the appeal. If the commission finds that the action against the employee was taken on the basis of politics, religion, sex, age, race or because of membership in an employee organization, the employee shall be reinstated to his position without loss of pay.

In prior years the case of *Arnett v. Kennedy* (1974), 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15, was controlling authority in matters of employee discharges. That case held that a civil servant had a property interest in his job which was protected by due process. The Supreme Court of the United States held that a hearing offered by administrative appeal procedures after the actual dismissal was in sufficient compliance with the requirement of due process. However, the later case of *Cleveland Board of Education v. Loudermill, supra*, altered the rule. In that case the Supreme Court held that a property interest in public employment could not be deprived except pursuant to constitutionally adequate procedures which would include a predeprivation hearing. The Supreme Court went on to state:

Here, the pretermination hearing need not definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action.

*See Bell v. Burson*, 402 U.S. [535], at 540 [91 S.Ct. 1586, 1590, 29 L.Ed.2d 90 (1971) ].

The essential requirements of due process, and all that respondents seek or the Court of Appeals required, *are notice and an opportunity to respond.* The opportunity to present reasons, either in person *or in writing, why proposed action should not be taken* is a fundamental due process requirement. *See* Friendly, "Some Kind of Hearing," 123 U.Pa.L. Rev. 1267, 1281 (1975). The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and *an opportunity to present his side of the story. See Arnett v. Kennedy,* 416 U.S. at 170–171 [94 S.Ct. at 1652–1653] (opinion of Powell, J.); *id.,* at 195–196 [94 S.Ct. at 1664–1665] (opinion of White, J.); see also *Goss v. Lopez,* 419 U.S. [565], at 581 [95 S.Ct. 729, 740, 42 L.Ed.2d 725 (1975) ]. To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee. (Emphasis added.)

470 U.S. at 545–46, 105 S.Ct. at 1495.

In the present case Wicker met with Cohn on March 11, 1986, pursuant to statutory requirements. He received a letter of suspension pending dismissal. The letter explained the grounds for the proposed action. Wicker then had the "opportunity to file with the appointing authority a written statement regarding the *proposed* dismissal." IND.CODE 4–15–2–34. (Emphasis added.) Wicker availed himself of this opportunity by following the procedure set out in IND.CODE 4–15–2–35. His complaint was reviewed by the appointing authority (Cohn) and denied. Clearly then Wicker was given notice of the proposed action and an opportunity to respond.

The procedure followed under IND. CODE 4–15–2–35 provided an initial check against the possibility of a mistaken decision. We note that though given an opportunity to respond, Wicker's response was in general terms amounting to a mere denial.

His inadequate response is his own responsibility. Any possibility of mistake in the original decision was certainly available for correction after a full evidentiary hearing before the Commission. Consequently, the Commission erred as a matter of law in concluding that Wicker was not afforded an adequate predeprivation hearing under *Loudermill.* Therefore, the trial court correctly applied *Loudermill* and did not abuse its discretion in reversing the commission's decision.

## II. *Findings of Fact*

■ Wicker contends that the trial court failed to issue proper findings of fact on each material issue on which the court's decision was made. Ind.Rules of Procedure, Trial Rule 52(A) provides:

> The court shall make special findings of fact without request ...
>
> \* \* \* \* \* \*
>
> (2) in any review of actions by an administrative agency....

IND.CODE 4–22–1–18 further states in part:

> Said court in affirming or setting aside the decision or determination of the agency shall enter its written findings of facts, which may be informal but which shall encompass the relevant facts shown by the record, and enter of record its written decision and order or judgment.

The purpose of this requirement is to facilitate appellate review by providing both the parties and the reviewing court with the theory upon which the trial court decided the case. *Indiana Department of Correction v. Indiana Civil Rights Commission* (1985), Ind.App., 486 N.E.2d 612; *Roberts v. Wabash Life Insurance Co.* (1980), Ind. App., 410 N.E.2d 1377. Therefore, whether the findings are adequate depends upon whether they are sufficient to disclose a valid basis under the issues for the legal result reached. *Department of Correction, supra; Morphew v. Morphew* (1981), Ind.App., 419 N.E.2d 770.

■ The issue in this case is purely legal. The uncontested facts are that Wicker was provided his appeal rights under IND.CODE 4–15–2–34 and –35. Wicker followed the complaint procedure provided under those provisions. Therefore, even assuming that Wicker's contention concerning the findings is true, we fail to see how this error was harmful or prejudicial to him. In *Teperich v. North Judson–San Pierre High School Building Corp.* (1971), 257 Ind. 516, 275 N.E.2d 814, *cert. denied,* 407 U.S. 921, 92 S.Ct. 2462, 32 L.Ed.2d 806, the court, while noting that the Ind.Rules of Procedure, Trial Rule 52(A) required special findings of fact were not made, stated:

> However, we fail to see how this error was harmful or prejudicial to appellant. The facts in this case are relatively simple and are not in dispute. *Thus it cannot be seriously contended that appellant has been uninformed as to what facts were determined or that she has been prejudiced by not being able to adequately prepare this appeal.* (Emphasis added.)

*Id.* at 520, 275 N.E.2d at 817. We believe this rationale applies to the case before us. Accordingly, we find no reversible error on this issue.

For the above reasons, this cause is affirmed.

Judgment affirmed.

RATLIFF, C.J., and ROBERTSON, J., concur.